CHARLES G. BRECK & another *vs.* WILLIAM H. H. BLAIR.

Hampden.    Sept. 23, 1879. — July 3, 1880.    ENDICOTT & LORD, JJ., absent.

The Gen. Sts. *c.* 123, §§ 87, 88, providing that personal property, which has been attached in a suit against one part-owner, shall, at the request of the other part-owner, be appraised and delivered to him upon his giving bond to the attaching officer, do not apply to an attachment of partnership property in an action against one partner.

TORT. The declaration alleged that the plaintiffs were copartners with one Robert Breck, and, as such, joint owners with him of a large stock of merchandise, kept and exposed for sale in the store occupied by said firm in Springfield; that on July 18, 1878, the defendant, a deputy sheriff, attached said merchandise in a suit duly commenced against Robert Breck; that the plaintiffs notified the defendant that they were part-owners thereof, and requested him to have the same examined and appraised, and delivered to them upon their giving bond; and that the defendant refused to have the property examined and appraised, but retained possession thereof, claiming the right to do so under the writ against Robert Breck.

At the trial in the Superior Court, *Dewey,* J. directed a verdict for the defendant; and reported for the determination of this court the question whether the Gen. Sts. *c.* 123, §§ 87, 88, applied to the case of the attachment of partnership property in an action against one partner; judgment to be entered on the verdict, or a new trial granted, as the court might determine.

*J. L. Rice,* for the plaintiffs.

*C. L. Long,* for the defendant.

MORTON, J. The only question presented by the report is whether it was the duty of the officer to have the attached property examined and appraised, and to deliver it to the plaintiffs upon their furnishing a sufficient bond, under the Gen. Sts. c. 123, §§ 87, 88.

The statute provides that, "when personal property belonging to two or more persons is attached in a suit against one or more of the part-owners thereof, it shall, upon the request of any others of the part-owners," be examined and appraised, and delivered to the part-owner at whose request it was appraised, upon his giving a sufficient bond "conditioned to restore the same in like good order, or to pay the officer the appraised value of the defendant's share or interest therein, or satisfy all such judgments as may be recovered in the suit in which it is attached, if demanded within the time during which the property would have been held by the respective attachments."

If we assume, as is stated in *Pierce* v. *Jackson*, 6 Mass. 242, that a creditor of one partner has the right to attach the partnership effects, yet we are of opinion that the statute was not intended to apply to such an attachment.

Its language does not aptly describe partners. It speaks only of "part-owners," a term of common use in the law to denote a class of persons distinct from partners, who own property jointly, but in a different manner and by a different tenure.

The mode of proceeding which it provides is adapted to the case of part-owners, but not to that of partners. The attached property is to be appraised, and then the part-owner at whose request it is appraised is to give a bond, conditioned in one alternative " to pay the officer the appraised value of the defendant's share or interest therein." This provision is practicable in the case where the defendant is a part-owner of the attached property owning a specific share or interest in it, like one half or one quarter. But it is impracticable in the case where he is a partner. Such partner does not own any specific share in the attached property. His interest is a share of the surplus which may remain after discharging all partnership demands upon it. The appraisal of the attached goods (and

no other appraisal is provided or contemplated by the statute) would not fix " the appraised value of the defendant's share or interest therein."

The provision of § 89, that, if such appraised value is paid, the defendant's share of the property shall thereby become pledged to the party to whom it was delivered and he may sell it, tends to show that the Legislature understood it was dealing with the fixed share of a part-owner in the specific property, which might be the subject of a pledge and sale, and not with the indeterminate interest of a partner, which could not properly be pledged.

The statute does not in its terms apply to partners, and we find nothing in its provisions which indicates that the Legislature intended to use the word "part-owners" in a sense different from its ordinary meaning so as to include partners.    The ruling of the Superior Court was therefore correct.

*Judgment on the verdict.*