### STATE v. REDDICK.

1. Under the general Criminal Code defining embezzlement as a criminal offense, the misappropriation of partnership funds by one of the general partners, with felonious intent, does not constitute embezzlement.
2. Under such general statute the subject of embezzlement must be the property of another, and the partnership property cannot be said, with reference to either partner, to be the property of another.
3. Section 4036, Comp. Laws, declares that partners are trustees for each other. Section 3195 further defines who are trustees. Section 6799 provides when a trustee is guilty of embezzlment, but these sections do not have the effect to change the rule first announced.
4. The partnership is the owner of the property alleged to be embezzled, and these sections do not assume to make the partners trustees for the partnership, but for each other.

(Syllabus by the court.   Opinion filed May 28, 1891.)

Error to circuit court, Hamlin county. Hon. J. O. ANDREWS, Judge.

Indictment charging defendant, a member of a partnership, with embezzlement of the partnership funds. The defendant demurred to the indictment on the ground, among others, that it did not state a public offense, and the demurrer was sustained. The state brings error to this court. Affirmed.

The material facts are stated in the opinion.

*H. W. Lakin, State's Attorney Hamlin County,* and *W. S. Glass* for plaintiff in error.

*C. X. Seward* for defendant in error.

It is an undisputed and firmly established rule in criminal procedure that a partner cannot embezzle partnership funds, State v. Butman, 61 N. H. 511; State v. Kusnick, 45 O. St. 535; State v. Kent, 22 Minn. 41; Colkins v. State, 18 O. St. 366; Id. 98 Am. Dec. 136; §§ 1054 922, 1033, 1015 Whart Crim. Law; Napoleon v. State, 3 Tex. Ct. App. 522; Bank v. Railroad, 11 Wall. 624; United States v. Hack, 8 Pet. 941.

KELLAM, P. J.   The indictment in this case and the demurrer thereto present the question whether, in this state, a general partner who fraudulently and with felonious intent misappropriates the funds of the partnership of which he is a member is thereby guilty of the statutory crime of embezzle-

ment, the indictment setting out the facts fully. The state, being plaintiff in error, maintains the affirmative, and presents the following argument: Section 4036, Comp. Laws, declares: "The relations of partners are confidential. They are trustees for each other within the meaning of chapter 1 of the title on Trusts." Section 3915 of said chapter 1 provides that "every person who voluntarily assumes a relation of personal confidence with another is deemed a trustee within the meaning of this chapter, not only as to the person who reposes such confidence, but also as to all persons of whose affairs he thus acquires information, which was given to such person in the like confidence, or over whose affairs he, by such confidence, obtains any control." Section 6799, Id., so far as applicable to this question, is as follows: "If any person, being a trustee * * * or being otherwise intrusted with or having in his control property for the use of any other person * * * fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secrets it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement." Upon these provisions of law the contention is made that defendant in error was a trustee of his copartner; that as such partner and consequent trustee he had in his control property for the use of another, and that a fraudulent appropriation of such property to a use or purpose not in the due and lawful exection of his trust, as charged in the indictment, rendered him guilty of embezzlement. It need hardly be stated that under the general statute defining embezzlement as a criminal offense the rule is that the fraudulent misappropriation of partnership funds by one of the partners does not constitute embezzlement, for each partner is the ultimate owner of an undivided interest in all the partnership property, and none of such property can be said, with reference to either partner, to be the property of another, and as no one can be guilty of stealing or embezzling what belongs to him and of which he is legally entitled to the possession, the courts have uniformly held that a general partner cannot be convicted of embezzling partnership property which comes into his possession or under

his control by virtue of his being such partner and joint owner. Whart. Crim. Law (9th Ed.) §§ 935, 1015, 1054; State v. Kent, 22 Minn. 41; State v. Butman, 61 N. H. 511; Van Etten v. State, 24 Neb. 734; 40 N. W. Rep. 289; Napoleon v. State, 3 Tex App. 522. The sections above cited by plaintiff in error do not assume to define the relations of the partners to the firm or partnership, but to each other. Under these conditions each partner is a trustee for his fellow-partner, not for the partnership. The partners' relation to the partnership is untouched by these sections; and if the taking by a partner as such, with a felonious intent, of partnership property, is neither larceny nor embezzlement under the general Criminal Code, because the property of the firm is not, as to either partner, the property of another, it is not made so by these provisions of the statute, for they only make each partner a trustee for his copartner, and not for the partnership, which is the owner of the property charged to be embezzled. In State v. Kusnick, 45 O. St. 535, 15 N. E. Rep. 481, the supreme court held that the holder of shares of stock in a joint-stock banking company, who was also the cashier of such company, might be convicted of embezzling the funds of the company, notwithstanding his interest as a partner, for the reason and upon the theory that the funds so embezzled came into his possession and under his control not by virtue of his partial ownership, but solely by his independent employment as agent or cashier. As a stockholder, though interested in the general assets of the company, he had no control over them, and was not charged with any duty or responsibility concerning them. It was his employment as cashier that imposed the duty and trust upon him, and at the same time afforded him the opportunity for their violation and abuse. And even then the court seems to have regarded it as important to demonstrate that the statute under which the conviction was had deliberately eliminated as an element of the offense the condition that the subject of the embezzlement should be the property of another. In its opinion the court says: "It is true that the statutes of nearly all the states which undertake to define embezzlement require that the sub-

ject of the offense shall be shown to be the 'property of
another,' and this has almost universally been construed to
mean that it must be wholly the property of another.    It has
resulted that, as a rule, a member of an ordinary partnership
could not be convicted of embezzlement of partnership prop-
erty.   *  *  *   This peculiar element of this offense seems,
however, to have been eliminated from our law by the enact-
ment under which the present indictment was framed.    It sim-
ply provides that an agent, etc., who embezzles or converts to
his own use 'anything of value which shall come into his pos-
session by virtue of his employment' shall be punished as for
larceny of the thing embezzled.    The words 'property of
another' are omitted."   But by our said Section 6799, defining
embezzlement by a trustee, and under which this indict-
ment is sought to be sustained, the condition that the subject
of the embezzlement must be the property or for the use of
some person other than the embezzler is specifically recognized
and declared.   We are of the opinion, therefore, that the de-
murrer to the indictment was rightfully sustained, and the
judgment of the court below is affirmed.    All the judges con-
curring.