## BRINDLE v. HIATT.

### No. 8823.

Circuit Court of Appeals, Eighth Circuit.
June 26, 1930.

H. A. Willoughby, of Grundy Center, Iowa (W. G. Strack and V. F. Sieverding, both of Grundy Center, Iowa, on the brief), for appellant.

C. H. Van Law, of Marshalltown, Iowa, for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges. •

STONE, Circuit Judge.

This is an appeal from an order allowing certain exemptions claimed by a bankrupt.

The property allowed as exemptions consisted of certain live stock which, had it been owned outright by the bankrupt, would have been allowable under the statutes of Iowa. The property claimed was held in a contract between the bankrupt and one Draper. While some doubt is expressed by the trial court as to the nature of this contract and holding, we think it was clearly as a partnership. However, the trial court did not base its decision upon that matter, but treated the relation as a partnership which was solvent and wherein nothing remained except the "mere fact of the division of the partnership property after the partnership has ceased to function." The order of the court allowed the exemptions "whenever the partner Draper concludes the settlement of the joint or partnership affairs." This position is based on a stipulated fact, which is as follows:

"It is conceded that the farming enterprise conducted under contract Exhibit 'A' by W. H. Draper and Cleon Kenneth Hiatt is solvent; that is, that there exists no liabilities outstanding as against said enterprise and its property but that for which there exists ample resources of property for the adjustment of accounts between the parties to said contract in full and complete satisfaction of said liabilities so far as known."

The court was in error in so determining. There can be no question that in partnership property there is no individual ownership until, *at least*, the partnership has ceased activity and all of the debts have been paid so that there remains nothing but a division of the property. United States v. Kaufman, 267 U. S. 408, 411, 45 S. Ct. 322, 69 L. Ed. 685; Jensen v. Wiersma, 185 Iowa, 551, 170 N. W. 780, 4 A. L. R. 298. Until that time is reached, it cannot be known what property will have to be used to satisfy the debts and, therefore, what property will remain after the debts are paid. We do not understand the above quoted stipulation to mean that the debts have been paid. It seems to mean that the debts have not all been paid but that there is enough property to take care of them. This leaves entirely futile any estimate of or any identification of the property which will be divisible between the partners.

Under the Iowa exemption statute and a state Supreme Court decision construing it (Sterman v. Hann, 160 Iowa, 356, 141 N. W. 934, 46 L. R. A. [N. S.] 287), property held jointly is subject to exemption but such holding was in a case not involving partnership but joint title where the identification of the property and the rights of the parties thereto were definite. The distinction between such joint ownership and partnership property is pointed out in Jensen v. Wiersma, 185 Iowa, 550, at page 552, 170 N. W. 780, 4 A. L. R. 298, where the Sterman Case is discussed.

Appellee relies upon Sieg v. Greene, 225 F. 955, Ann. Cas. 1917C, 1006 (on rehearing) 227 F. 41, this court. That case is inapplicable for several reasons stated in the second opinion. 227 F. 41. We need note only one of those reasons which was the absence of firm debts.

The order allowing the exemptions (covered by this appeal) is reversed, with instruction that it be set aside and an order be entered denying such exceptions.