# WINDOM NATIONAL BANK OF WINDOM AND OTHERS v. CHARLES H. KLEIN AND ANOTHER.[1]

April 27, 1934.

No. 29,815.

*Stanley S. Gillam* and *A. E. Haering,* for appellants.
*W. F. Odell* and *O. W. Schulz,* for respondents.

*STONE, Justice.*

Plaintiffs appeal from an order sustaining a general demurrer to their complaint, which makes the facts appear as follows:

[1]Reported in 254 N. W. 602.

448

During the period here determinative and for many years before, Gottlob, Howard G., Gustave, and Matthias Bender, as partners, have owned and operated a dairy farm, the firm name being Bender Brothers. Windom National Bank has an unsatisfied judgment against Howard G. and Gottlob for upwards of $1,500. Proceeding under § 28 of the uniform partnership act (2 Mason Minn. St. 1927, § 7411), it procured the appointment of its coplaintiff, Gillam, as receiver of all right and interest of Gottlob and Howard G. Bender in and to the partnership, and also got an order charging their interest in the firm with payment of the judgment debt.

The purpose of this action is to annul a chattel mortgage of certain specific property of the partnership (live stock and farm equipment) executed, not by or for the firm, but by Gottlob and Howard G. Bender individually, the mortgagees being the defendants Klein, and also a foreclosure sale under said mortgage. It is sought also to annul a real estate mortgage executed, not by or for the firm, but by Gottlob Bender individually, on an undivided half of the farm owned and operated by the firm, the mortgagees again being defendants Klein. Also under attack is a chattel mortgage executed by Gustave Bender, one of the partners, on specific chattels of the partnership, to defendants Klein.

It does not appear conclusively, but may be inferred, that while the real estate involved is distinctly firm property; the record title stands in the names of some or all of the individual members. The allegations of the complaint are such that for the present at least the defendants cannot be assumed to have taken their mortgage "without knowledge" of the partnership interest under subd. 3 of § 10 (2 Mason Minn. St. 1927, § 7393). Neither can it be claimed that the mortgage of real estate by two of the partners was a partnership act "within the authority" of the mortgagors and so binding upon the partnership, under subd. 4 of the same section, so as to pass "the equitable interest of the partnership" in the mortgaged land.

It is claimed for plaintiffs that the mortgages in question are void. The principal argument for defendants in support of the demurrer

is that whatever the status of the mortgages, neither plaintiff can question them.

Decision depends upon construction and application of the uniform partnership act, L. 1921, c. 487 (2 Mason Minn. St. 1927, §§ 7384-7428). Needless to say, that act has codified and changed somewhat the common law of partnership. The statute itself declares, § 5, 2 Mason Minn. St. 1927, § 7387, that "the rule that statutes in derogation of the common law are to be strictly construed shall have no application to this act," and that it "shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it." As far as we are concerned, such a declaration by the legislature was unnecessary. Wells-Dickey Trust Co. v. C. B. & Q. R. Co. 159 Minn. 417, 199 N. W. 101. Our only problem is to ascertain the purposes of the act, both main and subsidiary. That done, its construction and application will be such as to give the intended scope. The law is not to be restricted so as to perpetuate any of the incidents of partnership dealings or of the tenure and disposition of partnership property which it was the intention to abrogate or change.

Section 8 of the act, 2 Mason Minn. St. 1927, § 7391, defines partnership property and includes in that category "all property," real or personal, "originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership." Contrary to the common law rule, real property may be acquired by the partnership and title taken and conveyed in the "partnership name." Subject to the rules of § 10, 2 Mason Minn. St. 1927, § 7393, a partnership now holds real estate under the same conditions as to tenure and disposition as it does personal property. The property rights of a partner are defined by § 24, 2 Mason Minn. St. 1927, § 7407, as "(1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management."

The next section, § 25, 2 Mason Minn. St. 1927, § 7408, declares that the tenure of a partner's interest in specific partnership property is that of a "tenant in partnership" and is "not assignable except in connection with the assignment of the rights of all the

partners in the same property." It is not subject to the claims of creditors of the individual owner, or right of inheritance in his heirs, or "dower, curtesy, the statutory interest of a surviving spouse, or allowances to widows, heirs or next of kin." Section 26, 2 Mason Minn. St. 1927, § 7409, enacts that "a partner's interest in the partnership is his share of the profits and surplus and the same is personal property." It is assignable as such. Section 27, 2 Mason Minn. St. 1927, § 7410. Section 28, 2 Mason Minn. St. 1927, § 7411, sets up the procedure whereby any judgment creditor of an individual partner may reach the interest of the debtor partner and "charge" it with payment of the judgment debt. The court "may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require." The section concludes by provisions for the redemption of the interest subjected to the charging order.

The tenancy in partnership created by the statute is an innovation on the common law. Its genesis was in the "inequitable results" of the long established judicial habit of applying to partnership property the analogies of joint tenancy. Some of them (particularly a joint tenant's unrestrained power of disposition) did not fit. The result was "very great confusion" where separate creditors of a partner tried to reach specific partnership property or where a partner attempted to dispose of it for his own purposes. "Commissioners' Note," 7 U. L. A. 33. Thus it appears that tenancy in partnership is a restricted adaptation of common law joint tenancy to the practical needs of the partnership relation. One of those needs arose from the formerly conflicting claims to specific partnership property of (1) separate creditors of a partner, and (2) assignees of a partner's share in an aliquot part of the firm assets. To meet that need two simple "incidents" have been attached to the tenancy in partnership: (1) Expressly, the interest. of each tenant or partner in specific partnership property is put

beyond reach of his separate creditors, and (2) it has been made nonassignable. That means simply that the partner-owner is deprived of all power of separate disposition even by will.

All a partner has now, subject to his power of individual disposition, and all that is subject to the claims of his separate creditors, is his interest, not in specific partnership property, but in the partnership itself. Plain is the purpose that all partnership property is to be kept intact for partnership purposes and creditors. The statutory incidents of the partnership cotenancy are attached thereto for that purpose, which will be *pro tanto* thwarted as effect is given to an attempted disposition of a partner's interest in specific partnership property. The aim of the statute is to prevent such an assignment. The only way, therefore, to apply it according to its plain purpose is to nullify all attempts at such assignments. The law is that they are void, subject only, as to real estate, to the provisions in the interest of innocent purchasers found in § 10, 2 Mason Minn. St. 1927, § 7393. On the complaint before us, we so hold as to the mortgages under attack and all proceedings for their foreclosure. Even before the uniform act came into our law, we held that "the attempted transfer by one partner of his individual interest could not in any manner affect or prejudice any use or disposal of this partnership asset for the legitimate purpose of paying or securing partnership debts." National Citizens Bank v. McKinley, 129 Minn. 481, 485, 152 N. W. 879, 880. The statute goes further and to the extent just stated. The result is logical, consistent, and necessary to effectuate the purposes of tenancy in partnership. The intent of the statute's definitions and its enumeration of the "incidents" of the tenancy is plainly exclusionary of all incidents not enumerated.

On the precise point there is seeming lack of decision law. But as far as the cases have even approached the question they confirm our answer. In Massachusetts the holding is that where an automobile owned by a partnership was registered in the name of a partner individually the registration was void and the machine a trespasser on the highway. Kilduff v. Boston Elev. Ry. Co. 247 Mass. 453, 142 N. E. 98. In In re Dumarest's Estate (surrogate's

opinion), 146 Misc. 442, 443, 262 N. Y. S. 450, 452, it is declared that under the uniform partnership law "a partner has no personal right in any specific property of a partnership of which he is a member." See also Johnston v. Ellis, 49 Idaho, 1, 285 P. 1015.

Dean William Draper Lewis, one of the commissioners who drafted the uniform partnership act, has said in explanation of its purpose to "avoid the consequences of regarding partners as joint tenants," that, "while any partner has an equal right with his partners to possess partnership property for partnership purposes" and while he "may assign partnership property for a partnership purpose, * * * if he attempts to assign the property for his own purposes he makes no assignment at all, because the act destroys the quality of assignability for any but a partnership purpose." 24 Yale L. Jour. 617, 632-634. In Iowa, without the aid of the uniform act, it is held that a partner cannot mortgage or sell his undivided interest in partnership property to secure his individual debt. Malvern Nat. Bank v. Halliday, 195 Iowa, 734, 741, 192 N. W. 843. Following that and under the uniform law, the same conclusion was reached in Valley Springs Holding Corp. v. Carlson, 56 S. D. 163, 169, 227 N. W. 841. In both cases it was said that the mortgagee or vendee takes nothing "except the surplus, if any, after the partnership business has been settled." Whether such an effort at assignment, by way of mortgage or otherwise, can be treated in any case as an equitable mortgage or assignment of the mortgagor's or assignor's right in the partnership, as distinguished from his interest in designated items of property less than the whole, is a question not before us. The case is not one of an assignment by some but not all the partners of their entire interest in the partnership. Compare Hazen v. Warwick, 256 Mass. 302, 152 N. E. 342.

■ It follows that a receiver, such as plaintiff Gillam, of a partner's "share of the profits," acting under a charging order and § 28, 2 Mason Minn. St. 1927, § 7411, has the right in a proper action to have adjudicated the nullity of any mortgage or other assignment by some but not all of the partners of their interest in specific property of the partnership less than the whole. Such a receiver is entitled to any relief under the language of the statute "which the

circumstances of the case may require" to accomplish justice under the law. Obviously, a part of such relief is the avoidance of any unauthorized attempt to dispose of partnership property. Such a receiver is entitled to the "share of profits and surplus" (§ 26, 2 Mason Minn. St. 1927, § 7409) of the partner who happens to be the judgment debtor. While he is not entitled to share in the management of the firm as a partner, the receiver would be of little use if he could not protect "profits and surplus" by preventing such unauthorized and illegal dissipations of firm assets as the complaint alleges in this case. While the procedure for his appointment is statutory, the language of the law is so broad that, when it comes to a question of the relief needed by such a receiver, the usual broad principles of equity jurisprudence ought to control. Hence a receiver of the interest of one partner is entitled to any relief needed to conserve all partnership property for the payment as far as necessary of partnership creditors. Judicial aid may become necessary even to insure to a partner or his receiver his share of the profits, either from the going business or upon its dissolution. Such are the purposes of the statute. They are not to be frustrated by any construction which will deny it its intended scope.

The complaint states a cause of action. It was error to sustain the demurrer.

Order reversed.