## J. W. MASTLEY v. O. A. MOE AND OTHERS.[1]

February 1, 1935.

No. 30,276.

[1]Reported in 258 N. W. 591.

412

*Kelehan & Dady* and *James E. Markham*, for appellant.

*Paul C. Thomas, Stephen Schmitt,* and *Edward Schmitt,* for respondents.

STONE, JUSTICE.

Two actions consolidated and tried together below resulted in a decision and order for judgment for plaintiff but for considerably less than he claimed. He appeals from the orders, one entered in each case, denying his motions for amended findings or a new trial.

In both cases the defendants, O. A. and George E. Moe, are sued as copartners, the firm name being Moe Brothers, for the price of material and labor furnished them in the construction of two buildings. Defendant Seaboard Surety Company of New York is joined because as to both buildings it became surety for Moe Brothers upon the usual public contractor's bond.

■ The first case arises out of the construction of a schoolhouse. Moe Brothers did not appear or answer. The amount earned by plaintiff is not in dispute. The defense of the surety is payment. If certain payments by Moe Brothers as copartners were properly applied by the decision below, the result is correct. All the questioned payments came out of partnership funds. Most of them, as to amount, were made by checks of the partnership. In the absence of specific directions for application of the payments, plaintiff claims rightfully to have applied them to an earlier individual indebtedness to himself of O. A. Moe, one of the partners. That application was disallowed below and the payments applied on the schoolhouse account. The contrary view, now urged for plaintiff, is untenable under the rule that, "when there are distinct demands, one against a partnership and the other against a member of the partnership, if the money paid be that of the firm, the creditor is not at liberty to apply it in payment of the individual debt, as that would be to allow the creditor to pay the debt of one person with the money of others." 47 C. J. 860. One partner cannot

without consent of the others use funds of the firm for payment of his individual debt. Where such an attempt is made, the creditor getting the funds with knowledge that they are those of the firm cannot retain them. The burden is on him, if he so claims, to show consent of the other partners. Farwell v. St. Paul Tr. Co. 45 Minn. 495, 48 N. W. 326, 22 A. S. R. 742. See also Perry B. & T. Co. v. Napier, 240 Ky. 469, 42 S. W. (2d) 694, and Redfield v. Wells, 31 Idaho, 415, 173 P. 640.

It is clear, and so found, that the payments were all made with partnership money. That ends the matter, for plaintiff, as creditor of one partner as an individual, and also of the partnership, had no right, without authority from the partnership, to apply payments made by it to the individual debt of one partner. The money was property of the partnership and not that of either partner. As such it was not assignable by either of them as an individual. Neither had the right, even if he had sought to do so, to apply it in payment of his own indebtedness. Hinds v. Backus, 45 Minn. 170, 47 N. W. 655. That is in accord with the rule, now statutory, that a partner's interest in specific partnership property, is nonassignable. 2 Mason Minn. St. 1927, § 7408(b) (uniform partnership act, § 25); Windom Nat. Bank v. Klein, 191 Minn. 447, 254 N. W. 602.

It is unimportant that partnership creditors have no lien on partnership property. Thorpe v. Pennock Merc. Co. 99 Minn. 22, 108 N. W. 940, 9 Ann. Cas. 229. It is equally unimportant that the surety had no right, as against plaintiff, to control application of payments by Moe Brothers. Standard Oil Co. v. Day, 161 Minn. 281, 201 N. W. 410, 41 A. L. R. 1291. The determinative thing is that plaintiff had no right to apply payments by the partnership on a debt not that of the firm. That being so, the payments must be reallocated and put where they belong as a credit to the partnership. That was done correctly by the decision below. ⸴

■ ▪The second case arises from the building of a barn for the rural credits bureau. In this case there was a joint answer for Moe Brothers and their codefendant surety. Again the determinative issues were as to the application of certain admitted payments.

All else aside, there is evidence for the defense which justifies the conclusion, on the facts, that Moe Brothers, in making the payments to plaintiff, directed their application upon the barn rather than the schoolhouse job. Plaintiff attempted to apply them to the latter. By the decision below they are applied upon the barn contract. There being testimony that Moe Brothers in making the payments directed that application, there is nothing further for our consideration. To the extent determined below, the defense of payment was established.

The orders are affirmed.

[1]Reported in 258 N. W. 593.