SECURITY STATE BANK OF HIBBING v. W. A. REMINGTON AND OTHERS.[1]

December 24, 1937.

No. 31,525.

[1]Reported in 276 N. W. 743.

*C. G. Anderson,* for appellant.
*Thomas H. Strizich,* for respondents.

LORING, JUSTICE.

This is an appeal by the plaintiff from an order granting judgment in favor of all the defendants except W. A. Remington notwithstanding the verdict for $4,735.33 rendered in favor of the plaintiff as against all defendants. The order was made upon an alternative motion for judgment or a new trial.

The sole question presented by this appeal is whether or not the proceeds of a partnership note given to the plaintiff were known by the plaintiff to be borrowed for the defendant W. A. Remington's individual purposes. It appears that in the year 1929 the defendant W. A. Remington, personally, and the partnership known as the W. A. Remington Company each had an account with the plaintiff bank. Remington's individual account on the 28th of December of that year was overdrawn to the extent of $3,536.59. In addition to this overdraft, he was obligated to the bank on notes aggregating $7,750. The limit to which the bank could lawfully lend him money was $8,250. The partnership also had an overdraft but was not

indebted to the bank on notes. Remington testified that the plaintiff's cashier suggested that he give the bank a partnership note for $4,000 and that the proceeds be credited to his personal account. Remington testified that this was done, and the bank's records fully corroborate his testimony. He also testified that his partners knew nothing of the transaction, and this is undisputed. Subsequently, on the renewal of this note from time to time, he paid the interest out of the partnership account. The giving of the original note took place on December 28, 1929, which was a Saturday. The credit to Remington's individual account appears on the bank's books as of the following business day, which was December 30, 1929. This posting on a subsequent business day was admitted to be not an unusual practice. No such deposit to the credit of the partnership appears at all during the month of December. On the 30th of that month the partnership had a credit balance of $2,941.80. The plaintiff's officers on the trial asserted that they had no independent recollection of the transaction, but that they made the loan on the strength of the partnership's credit.

It is not sufficient to sustain the plaintiff's theory of its case that it may have lent the money on the credit of the partnership if at the time of the transaction it knew that Remington was borrowing the money for his individual purposes. Mastley v. Moe, 193 Minn. 411, 258 N. W. 591; Jones v. Turner, 249 Mich. 403, 228 N. W. 796; 47 C. J. p. 864, § 339. Here it seems to us the evidence is conclusive that the bank lent the money on the partnership's note for payment of Remington's individual debt to it and for credit to his individual account. Such being the case, the trial court's order granting judgment in favor of all of the defendants other than W. A. Remington must be sustained.

Order affirmed.