## FIRST STATE BANK OF BISCAY, BY ELMER A. BENSON, v. E. O. RENZ AND OTHERS.[1]

March 25, 1938.

No. 31,402.

*Philip L. Scherer,* for appellant.
*Elmer C. Jensen* and *W. E. Reyerson,* for respondents.

LORING, JUSTICE.

In a suit upon a promissory note signed in form by the defendant partnership, the defendants other than Moffett had a directed verdict, and the case comes here on appeal from an order denying the plaintiff's blended motion for judgment or a new trial.

The question presented by this appeal is whether or not the partnership is liable on a note purporting to have been made in its behalf by the defendant Moffett to take up a personal obligation of his own to the plaintiff bank, to the knowledge of that bank, and whether or not the defendant Filk, who was a director, vice president, and member of the examining and discount committees of the

[1]Reported in 278 N. W. 523.

bank, ratified the making of the partnership note by Moffett or is as a matter of law charged with knowledge of the transaction by virtue of his relation to the bank and estopped thereby from setting up the defense that the note was given to take up Moffett's personal debt to the bank.

The series of notes which finally culminated in the note sued upon commenced with one given on June 17, 1918, by Moffett personally to the plaintiff bank. This was to obtain funds with which Moffett made a contribution to the capital of the partnership. Each of the other partners contributed a like amount. Moffett's note was renewed from time to time, and the last of the series of his individual notes out of which this controversy arises became due on December 30, 1930, at which time Moffett was apprised by the cashier of the bank that his note was being criticized by the bank examiners and the cashier requested Moffett to give the partnership note as a renewal of his individual note. This was done, Moffett signing the partnership name to the note and indorsing it individually. This note was renewed from time to time by Moffett in the partnership name and finally culminated in the note sued upon, which was dated June 30, 1932.

1. The defendants other than Moffett deny any knowledge of the giving of the partnership note to take up Moffett's personal obligations until after the bank was closed and taken over by the commissioner of banks. Their testimony in this regard is undisputed, and therefore the court was right in directing a verdict unless the special circumstances of Filk's relation to the bank alter the situation. Security State Bank v. Remington, 201 Minn. 472, 276 N. W. 743. Filk specifically denies that he ever saw any of these notes which composed the series of the partnership notes given by Moffett in renewal of his personal obligation.

2. Certainly, the giving of the partnership note to take up his personal note, to the knowledge of the bank, was not within the apparent scope of his authority to bind the partnership. Therefore there is no liability on that ground. The appellant rests its case against Filk on the ground of estoppel. A careful examination of

the record, however, discloses that the case was not tried against him upon any such theory. Evidence that he was a director of the bank and a member of the discount and examining committees was offered for the express purpose of impeaching his statement that he never saw or knew of the partnership note until after the bank was closed. Ratification by him was also claimed, but in the face of his positive uncontradicted testimony of lack of knowledge this defense was not made out. Nor was the theory of estoppel sustained by the evidence even had the case been tried on that theory. The record is barren of any evidence of prejudice to plaintiff by reason of Filk's conduct.

Order affirmed.