KRONE v. HIGGINS, Judge.

No. 32108. May 1, 1945.

*158 P. 2d 471.*

John E. Layden, of McAlester, and Gotwals, Killey & Gibson, of Muskogee, for petitioner.

Counts & Jones, of Hartshorne, and H. I. Aston, of McAlester, for respondent.

OSBORN, J. Arthur Krone seeks a writ of prohibtion against Honorable R. W. Higgins, judge of the district court for Pittsburg county, prohibiting him from taking further steps under, and enforcing, a certain order of partition made on January 29, 1945, in case No. 19859 in said sourt, wherein R. L. Crutcher is plaintiff and Arthur Krone is defendant. The petition of Crutcher for partition contains two causes of action, the first alleging that he and Krone are "co-owners" in a certain alleged proportion of certain real estate situated in the city of McAlester, and known as the Crutcher Hotel, and that said real estate is not capable of being divided between the parties and should be partitioned as provided by law; the second cause of action seeks partition of certain furniture and fixtures, located in and on said premises and used in conection with the operation of said hotel. The inferences to be drawn from the petition are that the Crutcher Hotel, consisting of the building and furniture and fixtures, has been and is being operated and conducted by Crutcher and Krone as a going partnership, but that differences have arisen between the parties which make further continuation of the business as a partnership impossible.

The defendant therein, Krone, answered admitting that the real and personal property mentioned in plaintiff's petition are owned in the proportions alleged by Crutcher, but he specifically alleges that same was used in connection with the operation of the hotel and that Crutcher has been actively in charge of the property and has had the management and control thereof and that disagreements and misunderstandings have arisen, and that it is impossible for the parties to carry on and use the same in the conduct and operation of said business. He pleads the existence of the partnership as a defense to the petition for partition and by way of cross-petition he alleges that the real and personal property, together with the good will, accounts receivable, and other property appertaining thereto, constitute the assets of the partnership, and as such are subject to the debts, liabilities, and obligations of the partnership, which he alleges exist; that the respective rights and interest of the parties have not been settled, determined, or adjusted; that Crutcher has, from time to time, appropriated unto. himself large sums over and above his proportionate share of the partnership profits and assets; that Crutcher is in possession of all the books, records, and papers belonging thereto, and that the court, as a court of equity, should dissolve the partnership and make an accounting as between the partners, and wind up its business and affairs and distribute the assets, after the payment of the indebtedness of the partnership, and that a receiver be appointed to take charge of said property and abide the further orders and directions of the court.

Crutcher filed a motion for judgment on the pleadings, which the court sustained, and also a demurrer to the cross-petition of defendant Krone, which demurrer remains undisposed of. Pursuant to the order sustaining the motion of plaintiff Crutcher for judgment on the pleadings, the court, without the taking of testimony, or the determination of other issues raised by the pleadings, entered an order finding that the parties owned the property in the proportion alleged in the petition of the plaintiff, and appointed commissioners to make partition of the real and personal property, and said commissioners were in the act of listing and appraising said property at the time of the filing of the petition for a writ of prohibition herein. Krone sought to appeal from said order in partition and sought to have notice of intention to appeal to be recorded on the minutes of the clerk, but the respondent district judge declined to permit the court clerk to enter notice of appeal and declined an extension of time within which to prepare and serve case-made, and held that said order was not an appealable order. An alternative writ of prohibition was issued by this court, and respondent district judge has filed a response to said petition, and both of the parties have filed briefs herein.

The petitioner asserts, as the basis for a writ of prohibition, that the existence of the partnership between the parties thereto not being denied or disputed, neither the real nor the personal property is a proper subject for partition until the liabilities of the partnership are determined and provision made for the payment thereof and the respective interests of the partners are settled and adjusted as between themselves. We are of the opinion that this contention must be sustained.

In First National Bank of Ft. Smith v. Dunklin et al., 146 Okla. 81, 293 P. 541, this court held:

"The property of a partnership belongs to the firm, and not to the partners, each of whom is entitled only to a share of what may remain after payment of the partnership debts, and after a settlement of the accounts between the partners."

See, also, 20 R. C. L. 994; Wootten v. Oklahoma Tax Commission, 185 Okla. 259, 91 P. 2d 73; White v. Tulsa Iron & Metal Corp., 185 Okla. 605, 95 P. 2d 590; Chowning v. Graham, 74 Okla. 232, 178 P. 676; Cobb v. Martin, 32 Okla. 588,

382

123 P. 422; Martin v. Carlisle, 46 Okla. 268, 148 P. 833; Moffett v. Moffett, 131 Kan. 582, 292 P. 947, 77 A. L. R. 294; Story's Equity Jurisprudence, vol. 2 (14th Ed.) § 908, p. 280; Bispham's Principles of Equity (4th Ed.) § 505, p. 555; Fourth National Bank of New York v. New Orleans & Carrollton Railroad Co., 11 Wall. 624, 20 L. Ed. 82; 47 C. J. 809.

It appears that respondent district judge is making an unauthorized application of judicial force and that a writ of prohibition should issue, as prayed, restraining further proceedings under said order, pending the determination of the rights of the parties and an accounting by the trial court.

Writ granted.

GIBSON, C.J., and RILEY, BAYLESS, CORN, DAVISON and ARNOLD, JJ., concur. HURST, V.C.J., and WELCH, J., dissent.