THE STATE OF NEVADA, Respondent, *v.* ROBERT
ELSBURY, Also Known as R. H. ELSBURY,
Appellant.

No. 3452

December 21, 1946. 175 P. 2d 430.

464

*Taylor H. Wines* and *D. A. Castle,* both of Elko, for Appellant.

*Alan Bible,* Attorney General, *George P. Annand* and *Homer Mooney,* Deputy Attorneys General, of Carson City, and *A. L. Puccinelli,* District Attorney, of Elko, for Respondent.

## OPINION

By the Court, McKnight, District Judge:

Appellant was convicted of the crime of grand larceny. He has appealed from both the judgment and the order denying his motion for a new trial, and has assigned twelve alleged errors.

The information charged appellant with having stolen the sum of $1,000 from one S. L. Corsino.

The evidence shows that at the time of the alleged theft appellant and S. L. Corsino were general partners, engaged as such in operating a cafe, under written articles of partnership; that the sum of $1,000, admittedly taken and retained by appellant, constituted part of the proceeds from the business on deposit in the bank in a checking account in the firm name; and that the partnership was heavily in debt. It also shows that S. L. Corsino originally furnished the largest amount of the firm's capital.

The statute defining grand larceny reads as follows:

"Every person who shall feloniously steal, take, and carry away, lead or drive away, the personal goods or property of another, of the value of fifty dollars or more shall be deemed guilty of grand larceny, * * *." Sec. 10323, N. C. L.

■ Under this statute it is essential that money which has been unlawfully taken and retained must be the "property of another." 36 C. J., page 756, sec. 74; 32 Am. Jur., Larceny, sec. 22; Burdick, Law of Crime, vol. 2, sec. 515.

But the State relies upon section 10339, N. C. L., which provides that:

"It shall be no defense to a prosecution for larceny * * * that the money or property appropriated was partly the property of another and partly the property of the accused."

The important question to be decided, therefore, is whether this statute is applicable to a general partner who takes and retains partnership property during the existence of the partnership.

The title to partnership property is of a different class and with characteristics quite distinct from that of the title to property owned and held by individuals. Mattson v. Wagstad, 188 Wis. 566, 206 N. W. 865, 868.

Section 24 of the uniform partnership act reads:

"The property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management." Sec. 5028.23, N. C. L. 1931–1941 Supplement.

■▪ By the statement that one of the property rights of a partner is his right in specific partnership property is meant simply that a partner, subject to any contrary agreement, has an equal right with his copartners to use or possess any partnership property for any proper partnership purpose. Lindley v. Murphy, 387 Ill. 506, 56 N. E. 2d 832, 836.

■ Under section 25 of the uniform partnership act, a partner is co-owner with his partners of specific partnership property holding as a tenant in partnership. The incidents of this tenancy are such that: A partner, subject to the provisions of the act and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes, but cannot otherwise possess same without the consent of his partners. His rights in specific partnership property are not assignable except in connection with the assignment of rights of all the partners in the same property, nor are they subject to attachment or execution upon a personal claim against him. A

partner cannot claim any right under the homestead or exemption laws when partnership property is attached for a partnership debt. On the death of a partner his right in specific partnership property vests not in the partner's personal representative but in the surviving partner. A partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs or next of kin. Sec. 5028.24, N. C. L. 1931–1941 Supplement.

Section 26 of the same statute specifically provides:

"A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." Sec. 5028.25, N. C. L. 1931–1941 Supplement.

■ This was also true long prior to the passage of the act. Fourth National Bank of New York v. New Orleans & Carrollton Railroad Co., 11 Wall. 624, 20 L. Ed. 82, 83; Rossmore v. Anderson, D. C. N. Y., 1 F. Supp. 35, 36; Savings & Loan Corporation v. Bear, 155 Va. 312, 154 S. E. 587, 75 A. L. R. 980, 991.

■ Joint ownership and part ownership of personal property are distinguishable from the relationship of partnership. St. Clair Lime Co. v. Ada Lime Co., 196 Okl. 29, 162 P. 2d 547, 549; Jensen v. Wiersma, supra, 185 Iowa 551, 170 N. W. 780, 4 A. L. R. 298, 300; Brindle v. Hiatt, 8 Cir., 42 F. 2d 212, 213; Childers v. Neely, 47 W. Va. 70, 34 S. E. 828, 49 L. R. A. 468, 81 Am. St. Rep. 777; Jones v. Pitcher, 3 Stew. & P., Ala., 135, 24 Am. Dec. 716, 731.

■ It is well settled that the property of a partnership belongs to the firm and not to the partners. Fourth National Bank of New York v. New Orleans & Carrollton Railroad Co., supra, 11 Wall. 624, 20 L. Ed. 82, 83; Krone v. Higgins, 195 Okl. 380, 158 P. 2d 471, 472; Jensen v. Wiersma, supra, 185 Iowa 551, 170 N. W. 780, 4 A. L. R. 298, 299; In re Prince's Estate, 141 Misc. 600, 252 N. Y. S. 908, 910, reversed on other grounds 238 App. Div. 855, 262 N. Y. S. 785; Brinson v. Monroe

Automobile & Supply Co., 180 La. 1064, 158 So. 558, 96 A. L. R. 1206, 1212; Windom National Bank of Windom v. Klein, 191 Minn. 447, 254 N. W. 602, 604; Commissioner of Internal Revenue v. Shapiro, 6 Cir., 125 F. 2d 532, 144 A. L. R. 349, 353; 40 Am. Jur., Partnership, sec. 114, note 3; 47 C. J., page 781, note 2.

■ A partner has no individual property in any specific assets of the firm. Commissioner of Internal Revenue v. Shapiro, supra, 6 Cir., 125 F. 2d 532, 144 A. L. R. 349, 353; In re Dumarest's Estate, 146 Misc. 442, 262 N. Y. S. 450, 452; Windom National Bank of Windom v. Klein, supra, 191 Minn. 447, 254 N. W. 602; 40 Am. Jur., Partnership, sec. 114, note 4; 47 C. J., page 781, note 4.

Instead, the interest of each partner in the partnership property is his share in the surplus, after the partnership debts are paid and the partnership accounts have been settled. Commissioner of Internal Revenue v. Shapiro, supra, 6 Cir., 125 F. 2d 532, 144 A. L. R. 349, 353; Blodgett v. Silberman, 277 U. S. 1, 48 S. Ct. 410, 72 L. Ed. 749, 757; Breck v. Blair, 129 Mass. 127, 128; Swirsky v. Horwich, 382 Ill. 468, 47 N. E. 2d 452, 453; Preston v. State Industrial Accident Commission, 174 Or. 553, 149 P. 2d 957, 961; B. A. Lott, Inc. v. Padgett, 153 Fla. 308, 14 So. 2d 669, 670; Fourth National Bank of New York v. New Orleans & Carrollton Railroad Co., supra, 11 Wall. 624, 20 L. Ed. 82, 83; Krone v. Higgins, supra, 195 Okl. 380, 158 P. 2d 471, 472; Brindle v. Hiatt, 8 Cir., 42 F. 2d 212, 213; Dixon v. Koplar, 8 Cir., 102 F. 2d 295, 297; Savings & Loan Corporation v. Bear, supra, 155 Va. 312, 154 S. E. 587, 75 A. L. R. 980, 991; 47 C. J., page 780, note 99; 40 Am. Jur., Partnership, sec. 114, notes 6–7; Note 6 L. R. A. 740.

Until that time arrives, it cannot be known what property will have to be used to satisfy the debts and, therefore, what property will remain after the debts are paid. Brindle v. Hiatt, supra, 8 Cir., 42 F. 2d 212, 213.

 The amounts of money invested by the partners respectively in the firm would be no criterion in determining their ownership of the partnership property, for the partner who furnished in the first instance the largest amount of capital, on final settlement might be found to have no interest whatever in the assets then on hand. State ex rel. Billingsley v. Spencer, 64 Mo. 355, 27 Am. Rep. 244, 245.

 When a partnership is admittedly insolvent, as was the partnership in the case at bar at the time of the alleged larceny, neither of the partners can possibly have any separate interest in the firm property. Spiro v. Paxton, 3 Lea., Tenn., 75, 31 Am. Rep. 630; Hutzler Brothers v. Phillips, 26 S. C. 136, 150, 1 S. E. 502, 4 Am. St. Rep. 687, 695.

 A partner's right in partnership property is a mere chose in action, and carries with it a right to an accounting. Blodgett v. Silberman, 277 U. S. 1, 48 S. Ct. 410, 72 L. Ed. 749, 757; In re Dumarest's Estate, supra, 146 Misc. 442, 262 N. Y. S. 450, 452; 47 C. J., page 781, note 6.

 As each partner is the ultimate owner of an undivided interest in all the partnership property, none of such property "Can be said, with reference to any partner, 'to be the property of another.'" State v. Eberhart, 106 Wash. 222, 179 P. 853, 854; Ex parte Sanders, 23 Ariz. 20, 201 P. 93, 17 A. L. R. 980, 981; State v. Reddick, 2 S. D. 124, 48 N. W. 846, 847, 8 Am. Crim. Rep. 204; Brill, Cyclopedia Criminal Law, vol. 2, page 1294, note 9; 9 R. C. L. pages 1281, 1282, note 14; Note 14 Ann. Cas. 724.

In State v. Eberhart, supra, the Washington supreme court held that partnership property, under a statute identical with sec. 10339, N. C. L., was not subject to larceny by one of the partners during the existence of the partnership. A contrary ruling was made by the Minnesota supreme court in State v. MacGregor, 202 Minn. 579, 279 N. W. 372. No other cases construing

the identical statute, or one similar thereto, have been found.

We are not in accord with the Minnesota decision. In that case the court simply assumed, without stating any good reason for such assumption, that each partner was a part-owner of the partnership property; thus reading into the statute by implication something that did not come within its terms.

The decision is unexplainable, in view of the statement made four years earlier by the same court, in construing the uniform partnership act, that:

: "All a partner has now, subject to his power of individual disposition, and all that is subject to the claims of his separate creditors, in his interest, not in specific partnership property, but in the partnership itself." Windom National Bank v. Klein, 191 Minn. 447, 254 N. W. 602, 604.

In Breck v. Blair, supra, 129 Mass. 127, the court held that a statute providing a mode of proceeding "when personal property belonging to two or more persons is attached in a suit against one or more of the part-owners thereof" did not apply to partnership property. In doing so, the court said:

"Its language does not aptly describe partners. It speaks only of 'part-owners,' a term of common use in the law to denote a class of persons distinct from partners, who own property jointly, but in a different manner and by a different tenure. * * * Such partner does not own any specific share in the attached property. His interest is a share of the surplus which may remain after discharging all partnership demands upon it. * * * The statute does not in its terms apply to partners, and we find nothing in its provisions which indicates that the Legislature intended to use the word 'part-owners' in a sense different from its ordinary meaning so as to include partners."

If it was the intent of the Nevada legislature to include partners in the statute, it is not easy to understand why they were not mentioned, or why the intent

was left to be discovered by implication. State v. Eberhart, supra, 106 Wash. 222, 179 P. 853, 854; Breck v. Blair, supra, 129 Mass. 127, 128; State v. Butnam, 61 N. H. 511, 60 Am. Rep. 332, 333.

■ It is a general rule of statutory construction that penal statutes are not to be extended by inference or implication. Ex parte Smith, 33 Nev. 466, 482, 483, 111 P. 930; State v. Eberhart, supra, 106 Wash. 222, 179 P. 853, 854; 59 C. J., pages 1115–1117, notes 25–28; 50 Am. Jur., Statutes, sec. 414, note 7.

If the different construction placed upon identical statutes by the courts of Washington and Minnesota be sufficient to raise a doubt as to the legislative intent in adopting the Nevada statute, it then becomes our duty to so construe the statute as to exclude the idea that it was intended to apply to partnership property. As said in Ex parte Todd, 46 Nev. 214, 219, 210 P. 131, 132:

"It is not our duty to arbitrarily fasten its provisions upon a situation, simply because of doubt as to the legislative intent. On the other hand, being a criminal provision, and doubt existing, it is our duty to so construe the statute as to exclude the idea that it was intended to apply to the situation in hand."

■ Therefore, it seems plain that the statute relied upon by the state does not apply where, as in this case, partnership property is appropriated by one of the partners during the existence of the partnership.

This conclusion disposes of the case in appellant's favor, and makes it unnecessary to pass upon the other alleged errors.

The judgment of conviction and the order denying a new trial are reversed, and the money heretofore deposited instead of bail will be refunded to the appellant.

HORSEY, J., concurs.

TABER, C. J. (dissenting).

The evidence was amply sufficient to justify the verdict in this case if, under our statutes, one partner can

legally be convicted of larceny of partnership funds. When Elsbury, by a fraudulent trick, appropriated the $1,000, he knew not only that there would be no money left in the partnership account to be divided between Corsino and himself after payment of creditors, but also that there would be far less than sufficient money left in that account with which to pay even them.

It is the opinion of the writer that, under our statutes appellant was lawfully convicted. This conclusion is based upon the following: (1) That part of section 10339, N. C. L., 1929, which provides that it shall be no defense to a prosecution for larceny that the money appropriated was partly the property of another and partly the property of the accused; (2) that part of section 25 of chap. 74 of the 1931 Stats. of Nev., p. 112, which reads: "A partner is coowner with his partners of specific partnership property holding as a tenant in partnership." N. C. L., Supp. 1931–1941, vol. 1, section 5028.24, p. 660; (3) the case of State v. MacGregor, 202 Minn. 579, 279 N. W. 372.

DUCKER, J., being ill and unable to participate in this opinion, the Governor designated Hon. WM. MCKNIGHT, Judge of the Second Judicial District Court, to sit in his place.