## WOOTTEN et al. v. OKLAHOMA TAX COMMISSION.

No. 28923. Feb. 21, 1939.

Rehearing Denied June 13, 1939.

Melton, McElroy & Vaughn, for plaintiffs.

C. D. Cund and Wendell Barnes, for respondent.

HURST, J. The question for decision in this case is whether the interest belonging to a resident of Oklahoma in two partnerships organized and doing business, and owning both real and personal property, in Texas, is subject to the inheritance tax imposed by Oklahoma.

The case is an original action and is submitted on an agreed statement of facts, from which it appears that R. K. Wootten, a resident of Oklahoma, died testate on November 30, 1934, being a member of two general partnerships organized and doing business in Texas. None of the physical property of the two partnerships was in Oklahoma. The assets of one of the partnerships consisted of real and per-

sonal property, while the assets of the other consisted entirely of personal property.

Our statute (section 12469, O. S. 1931) in force at the time of death of Wootten, but amended by chapter 66, art. 5, S. L. 1935, levies a tax "upon the transfer to persons or corporations of property or any interest therein * * * when the transfer is of tangible property in this state made by any person, or of intangible property made by a resident of this state at time of transfer * * * by will or the intestate laws of this state". Tangible property is defined as "corporeal property, such as real estate and goods, wares and merchandise." Section 12472, O. S. 1931. Intangible property is defined as "incorporeal property other than that named as tangible." Section 12-473, O. S. 1931, as amended by ch. 141, S. L. 1933. Since the interest of Wootten in the partnership was not "tangible property in this state", the interest in the estate is not liable for the tax unless it may be held to be "intangible property" as that term is used in the statute. It is clear that the transfer of intangible property may be assessed at the place of domicile of the deceased. 86 A. L. R. 742.

While the Texas statute is silent on the question as to the nature of the interest of a partner in a general partnership, it is settled by the decisions of that state that "a partner's interest in the partnership property is only his proportionate share of what remains after the payment of the partnership debts. He has no distinct interest in any distinct parcel of the partnership property. * * *" Oliphant v. Markham (Tex. 1891) 15 S. W. 569, 23 Am. St. Rep. 363. His share is "merely a right to a proper proportion of the surplus after payment of partnership debts and the adjustment of balances." Sherk v. First National Bank (Tex. Comm. App. 1918) 206 S. W. 507. See, also, Moore v. Steele (Tex. 1887) 3 S. W. 448; Martin v. Dial (Tex. Comm. App. 1933) 57 S. W.2d 75.

The rule thus established by the Texas decisions is the one generally obtaining in this country in absence of statute or agreement. The interest is considered personalty until the affairs of the partnership have been settled, and this is so although the partnership property consists of real estate. Smith et al. v. Kenedy (1921) 85 Okla. 163, 207 P. 729; Woodward-Holmes Co. v. Nudd (1884) 58 Minn. 236, 59 N. W. 1010, 27 L. R. A. 340, 49 Am. St. Rep. 503; Shanks v. Klein (1881) 104 U. S. 18,

26 L. Ed. 635; 20 R. C. L. 869, § 79; Beale, Conflict of Laws, sec. 118 D. 6; Gleason & Otis, Inheritance Taxation (4th Ed.) 590; Pinkerton-Millsaps, Inheritance and Estate Taxes, 191.

Thus, it will be seen that Texas, by judicial decisions, has defined such an interest of a partner as New York has by statute, where it is defined as a "share of the profits and the surplus and the same is personal property." Partnership Law, N. Y., Consol. Laws N. Y. c. 39, § 52. The New York statute was under consideration in Appeal of Silberman v. Blodgett (Conn. 1926) 134 Atl. 778, and it was there held that a partnership interest of a resident of Connecticut in a New York Partnership owning both real and personal property situate in New York was liable for the transfer tax imposed by Connecticut. In the opinion the court said that:

"The decedent's interest in this partnership under the New York law is a right to a share in the partnership assets after its liabilities have been deducted and a balance struck. The interest is thus a chose in action, hence intangible personal property."

In affirming this decision, the Supreme Court of the United States, in Blodgett v. Silberman (1928) 277 U. S. 1, 48 S. Ct. 410, said that:

"The interest of the partner was the right to receive a sum of money equal to his share of the net value of the partnership after a settlement, and this right to his share is a debt owing to him, a chose in action, and an intangible."

We conclude that the interest of Wootten in the Texas partnerships was "intangible property" as used in our statute, and that same is subject to the tax.

Judgment for respondent.

BAYLESS. C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN. GIBSON, and DAVISON, JJ., concur. DANNER, J., absent.