

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 22, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-911

Re: Taxability for inheritance
tax purposes of decedents'
interests in partnerships
located in Mississippi,
Louisiana and New Mexico.

We quote the following excerpt from your letter requesting our opinion on the above captioned matter.

"On August 5, 1937, former Assistant
Attorney General John J. McKay wrote an
opinion in which he held that an interest
of a partner in partnership assets consti-
tutes a chose in action and is intangible
personal property subject to transfer
inheritance tax in the state of domicile.

"We now have three large cases in which
the decedents own an interest in a partner-
ship located in Mississippi, Louisiana
and New Mexico, and the attorneys for each
of these estates have reported the part-
nership assets to these three States and
paid a tax thereon.

"You will observe from this opinion
that these three partnerships should be
taxed in the State of Texas. Therefore,
we need your advice with respect to the
current law in effect with respect to the
taxing of a partnership interest."

The opinion which you refer to was concerned with the
taxability of a partnership interest in Texas realty owned by a
non-resident decedent. The opinion held that the partnership
interest, even though comprised of real property, was not
taxable in Texas, since under Texas law the partner's interest
was an intangible one subject to taxation only in the state of
the decedent's domicile. This ruling was based on certain
United States Supreme Court decisions which limited the right
to tax intangibles (reserving a decision of the question in the

event such intangibles had acquired a business situs) to the decedent's domiciliary state. The opinion specifically relied on Blodgett v. Silberman, 277 U.S. 1 (1928). Other cases so holding are Farmers Loan and Trust Co. v. Minnesota, 280 U.S. 204 (1930); Baldwin v. Missouri, 281 U.S. 586 (1930); Beidler v. South Carolina Tax Commission, 282 U.S. 1 (1930); First National Bank of Boston v. Maine, 284 U.S. 312 (1930). However, on May 29, 1939, the United States Supreme Court abandoned its single death tax theory and held that intangible property comprising a trust was subject to tax both in the state of the decedent owner's domicile and in the state in which the property was held by the trustee. Curry v. McCanless, 307 U.S. 357 (1939); Graves v. Elliott, 307 U.S. 383 (1939).

Since the time of these last two decisions, the rule has been that state death taxes are ordinarily applied to all property and any interest therein which is within the power of the state to reach whether such property is real or personal, tangible or intangible, corporeal or incorporeal. 28 Am.Jur. 78, Inheritance, Estate and Gift Taxes, Sec. 91. As a result of the right of more than one state to subject the same transfer of intangibles to death taxes, numerous states have passed laws exempting such property of non-resident decedents on a reciprocal basis. Texas has provided for such reciprocity, as have Louisiana, New Mexico and Mississippi;[1] however, the Mississippi provision exempting intangible personal property in non-resident estates when such property had not acquired a business situs did not become effective until April 30, 1960.

Since more than one state has the right to constitutionally tax intangibles of a decedent, either resident or non-resident, Texas's right to the taxes in question is not affected by the fact that the states of Mississippi, Louisiana and New Mexico may have asserted the right, either rightly or wrongly, to impose a tax upon the partnership assets located within their borders. However, since the partnership interests involved are located in these three states, the law of these states as to the nature of a partnership interest must be examined in order to determine whether such interest constitutes tangible or intangible property. Wootten v. Okla. Tax Comm., 91 P.2d 73 (Okla.Sup. 1939). If such interest is treated as a tangible interest, the State of Texas has no jurisdiction to

---

[1] Art. 14.01, Title 122A, Ch. 14, Revised Civil Statutes of Texas, 1925; La. R.S. 47: 2404; New Mexico Statutes of 1953, Ch. 31, Art. 16, Sec. 31-16-4; Miss. H.B. 202, L. 1960.

impose such a tax even though such interest was the property of a Texas decedent; but if the controlling state law proceeds upon the "entity" or "aggregate" theory of partnership ownership, the interest of a deceased partner is a chose in action, i.e., the right to receive payment of a sum of money shown to be due upon a liquidation and accounting, which sum is part of the deceased partner's wealth and properly subject to the Texas inheritance tax.  See 28 Am.Jur. 171, Inheritance, Estate and Gift Taxes, Sec. 226.

The attorneys for the three estates in question have the burden of proving that under the applicable state law the partnership interests in question were tangible rather than intangible interests.  In the absence of such proof, such interests will be deemed to be intangible and subject to Texas inheritance taxes.

## S U M M A R Y

The nature of partnership assets belonging to a resident decedent but located in another state must be determined according to the law of the state where the partnership is located. If the decedent's interest in the partnership is, under applicable law, an intangible interest, the State of Texas may assess an inheritance tax upon the privilege of receiving said interest.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:jip

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Dean Davis
Riley Fletcher
Phocion Park
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
By: Houghton Brownlee, Jr.