Lois PERKINS, Charles N. Prothro and Elizabeth Perkins Prothro, Executors of the Estate of J. J. Perkins, Deceased, Plaintiffs in Error,

v.

OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 41539.

Supreme Court of Oklahoma.

May 2, 1967.

As Corrected May 5, 1967.

Larry McLane and Bryce A. Baggett, Oklahoma City, for plaintiffs in error.

Albert D. Lynn, E. J. Armstrong, R. O. Ingle, Oklahoma City, for defendant in error.

McINERNEY, Justice.

The question presented for decision is whether the statute in force at the time of decedent's death authorized the State of Oklahoma to impose an estate tax upon a non-resident decedent's interest in those partnership assets (consisting of both real and personal property) which were physically located in this state.

The decedent died September 15, 1960, a resident of Wichita Falls, Wichita County, Texas. At the time of his death he had an interest in a partnership business which owned a large tract of land in Cimarron County as well as cattle, ranch equipment, automobiles, trucks and irrigation equipment. On December 7, 1961, decedent's executors filed with the Tax Commission an Oklahoma estate tax return which fixed the net taxable estate in this state at $271,944.-52, and computed the estate tax due at $14,126.39. This amount was paid when the return was filed. Subsequent to the filing of this return the Comptroller of Public Accounts of the State of Texas took the position that "under the laws of Texas and Oklahoma the partnership interest (in question) was taxable only in the State of Texas" and requested the inclusion of the value of that interest in the Texas inheritance tax return. After this was done, a claim for refund of the taxes paid to Oklahoma was timely filed with the Tax Commission. Hearing before the Commission resulted in an order denying the claim of the estate and this appeal followed.

At the outset we are called upon to determine whether decedent's interest in the partnership property in question constitutes tangible or intangible personal property. This determination must be based on our own law, not the law of the owner's domicile. The law of the situs of the physical assets governs. Pond v. Porter, 141 Conn. 56, 104 A.2d 228; Matter of Good's Will, 304 N.Y. 110, 106 N.E.2d 36; see also Wootten v. Oklahoma Tax Com., 185 Okl. 259, 91 P.2d 73, where we applied Texas law to determine the character of a decedent's interest in partnership assets physically located in that state.

The Uniform Partnership Act was adopted in Oklahoma in 1955. Sec. 26 (54 O.S. 1961, § 226) of the Uniform Act provides:

"A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."

At common law there were two different views concerning the character of partnership property upon the death of a partner: the English rule of "out and out conversion" and the American rule of "equitable conversion pro tanto". The former regarded partnership assets as personalty "for all purposes, including descent and distribution"; and the latter rule, once followed by a majority of the states, recognized the conversion only as it was required to satisfy the partnership debts. In re Ostler's Estate, 4 Utah 2d 47, 286 P.2d 796, 797; Lynch v. Kentucky Tax Commission, Ky., 333 S.W.2d 257, 260. It is of interest to note here that "property" at common law was limited to tangible realty or personalty; it did not extend to property rights in contracts. City of Atlanta v. J. J. Black & Co., 110 Ga.App. 667, 139 S.E.2d 515, 517.

The courts which have considered the changes brought about by the adoption of the Uniform Partnership Act have concluded that the legislative intent was to establish the English doctrine of "out and out" conversion into personalty for all purposes. In re Ostler's Estate, supra; cases collected in 80 A.L.R.2d 1107, 1109; 24 Yale L.J. 617, 637–638.

Personal property is made up of two categories, tangible and intangible. Tangi-

ble property has been defined as property that may be seen, weighed, measured and estimated by the physical senses and which is capable of being possessed, property which may be touched; "such as is perceptible to the senses \* \* \*" Intangible personal property is such property as has no intrinsic and marketable value but which is representative or evidence of value, such as certificates of stocks, bonds, promissory notes and franchises. In re Berman's Estate, 39 Ill.App.2d 175, 187 N.E.2d 541, 544. Our statutory definition of "intangible property" in 68 O.S.1951, § 989e(C) is substantially the same.

The Supreme Court of the United States had under consideration in Blodgett v. Silberman, 277 U.S. 1, 48 S.Ct. 410, 414, 72 L.Ed. 749, 757, a section of the New York partnership law which defined the interest of a partner in terms identical to Sec. 26 of the Uniform Act (and to our 54 O.S.1961, § 226). Construing that section the Court said that "the interest of the partner was the right to receive a sum of money equal to his share of the net value of the partnership after a settlement, and *this right to his share is a debt owing to him, a chose in action, and an intangible.*" (emphasis ours)

This characterization of a partner's interest as an intangible is in accord with Sec. 25 of the Uniform Partnership Act, 54 O.S. 1961, § 225. This section delineates the nature of a partner's right in specific partnership property and creates a new kind of estate denominated as "tenancy in partnership". 40 Am.Jur., Partnership, Sec. 114, p. 209. Goldberg v. Goldberg, 375 Pa. 78, 99 A.2d 474, 39 A.L.R.2d 1359; see also Krone v. Higgins, 195 Okl. 380, 158 P.2d 471.

■ In the light of these authorities, and mindful of the necessity for maintaining harmony in the construction of the Uniform Partnership Act, we hold here that the deceased partner's interest, to which his representative succeeds, is a chose in action—a right to receive money shown to be due on liquidation and accounting—and hence constitutes intangible property. *The repre-*

*sentative does not succeed to any specific partnership property.* Hoge et al. v. Hammonds, 192 Okl. 145, 134 P.2d 559; McClennen v. Commissioner of Internal Revenue, 1 Cir., 131 F.2d 165, 144 A.L.R. 1127; Lynch v. Kentucky Tax Commission, supra; 28 Am.Jur., Inheritance, Estate and Gift Taxes, Sec. 288, p. 217.

The Tax Commission relies on some of our expressions in Chowning v. Graham, 74 Okl. 232, 178 P. 676, and argues that partnership real estate is not considered as personalty "where the partnership is not indebted". This doubtless was the rule before the adoption in the Uniform Partnership Act of the "out and out conversion" view,[4] but it may no longer be regarded as the correct exposition of our law. Neither do we find persuasive the other authorities urged by the Commission, among which is In re Small's Estate, 151 Pa. 1, 25 A. 23 (1893). That decision does not represent the modern view in regard to the nature of a partner's interest. See dissenting opinion in In re Perry's Estate, 121 Mont. 280, 192 P.2d 532, 546.

■ The statute in force at the time of decedent's death governs the questions of taxability of his estate. Re Skinker's Estate, 47 Cal.2d 290, 303 P.2d 745, 62 A.L.R. 2d 1137; 28 Am.Jur., Inheritance, Estate and Gift Taxes, Secs. 60, 72 & 80, pgs. 58, 67 & 71.

■ The terms of 68 O.S.1951, § 989e (A) (1) (a) & (b), in effect when decedent died, provide that " \* \* \* in determining the value of the gross estate of a non-resident of this State, *there shall be excluded all intangible property"*, if the laws of decedent's state of residence contain reciprocal exemption provisions for non-resident "transferors" (decedents). It stands uncontroverted that Texas, the state of decedent's residence, does extend, and its laws meet, the reciprocity requirements of Sec. 989e(A) (1) (b), supra. It therefore follows that the cited provisions operate here to exclude from estate taxation decedent's partnership interest in the Oklahoma-based property.

The Commission appears to argue that even if decedent's partnership interest in its Oklahoma assets were to be regarded as intangible personal property, that interest is nonetheless taxable under the terms of 68 O.S.1951, § 989e(A) (7), which, we are told, subjects to estate taxes any intangible personal property of a non-resident " * * * used in connection with any established business, having a business situs in this State * * *." We are urged that the partnership in which decedent held an interest did use the property in connection with its ranching business here and consequently such property acquired a business situs in Oklahoma. This argument simply overlooks the last sentence in Sub-section (7), supra. That sentence provides in unequivocal terms that "none of the property exempted by Sub-section (1)," supra, "shall be subject to tax by reason of this Sub-section".

That all such intangible property as meets the reciprocity requirements of Sec. 989e (A), Sub-section (1) (b), was exempt by the applicable enactments in force at decedent's death, notwithstanding its Oklahoma "business situs", is best and most persuasively demonstrated by reference to a subsequent amendment to 68 O.S.1951, § 989e(A) (7) enacted by the 1961 Legislature. 68 O.S. 1961, § 989e(A) (7); S.L.1961, p. 530, 532. By that amendment intangible property exempt under Sub-section (1) of Sec. 989e (A), supra, was expressly made taxable under Sub-section (A) (7), if "used in connection with any established business having a business situs in the State * * *." The title of the 1961 amendment states in pertinent part that the amendment's object is " * * * to *include* (in determining the net estate for estate tax purposes) the value of any interest of a nonresident decedent in intangible personal property having a business situs in this State * * *." (emphasis ours)

Subsequent legislation may serve as a proper aid in determining the meaning of prior enactments on the same subject, and legislative intent may be ascertained from the title of an act. Excise Board of Washita County v. Lowden, 189 Okl. 286, 116 P.2d 700; Letteer v. Conservancy District No. 30, Okl., 385 P.2d 796.

We conclude that decedent's interest in the Oklahoma assets of the partnership is to be treated as intangible property exempt from estate taxes under the provisions of 68 O.S.1951, § 989e(A) (1) (b).

The order of the Tax Commission is accordingly vacated with directions to allow the claim for refund.

All the Justices concur.