**UNITED STATES of America, Plaintiff,**

v.

**James Michael MOREY, Defendant.**

**No. CIV–91–1949–T.**

United States District Court,
W.D. Oklahoma.

March 10, 1993.

Charles P. Hurley, U.S. Dept. of Justice, Tax Div., Washington, DC, for plaintiff.

Michael Lee Bardrick, Underwood Bardrick & Kirk, Mark Fitch, Myatt Nash & Fitch, Oklahoma City, OK, for defendant.

## ORDER

RALPH G. THOMPSON, Chief Judge.

Before the court are cross-motions for summary judgment in the captioned cause. By this motion, the United States ("IRS") seeks judgment against the defendant, James Michael Morey, pursuant to 26 U.S.C. § 6332,[1] based upon his failure to honor a levy in the original amount of $55,502.61 served upon him by the Internal Revenue Service. Section 6332(d)(1) imposes personal liability for failure to honor a levy with damages to be measured by the value of the taxpayer's property or property rights, not surrendered, but not exceeding the amount of the levy. The defendant, James Michael Morey, denies any liability pursuant to the levy arguing that he did not possess property of the taxpayer at the time the levy was served; and on this basis, defendant seeks judgment in his favor. The facts giving rise to this suit are as follows:

The defendant, James Michael Morey ("Morey"), and the now-deceased taxpayer, Raymond Burger, entered an Agreement for Establishment of Attorney's Fees dated July 11, 1986. The contract recites that Raymond Burger, an attorney, had represented Morey, "in various and sundry matters dealing with among other things his anticipatory inheritance under a Will allegedly drawn by his aunt, Onez Norman Rooney, wherein Morey expects and has expected to inherit a substantial amount of money." Plaintiff's Motion for Summary Judgment, Exhibit "B." The substantive provisions of the contract provided:

IT IS THEREFORE MUTUALLY AGREED, STIPULATED AND UNDERSTOOD between Morey and Burger that in forgiveness of all of the prior debts owed by Morey to Burger for whatever cause and under whatever conditions to be forgiven by Burger that Morey stipulates with Burger that there is due at the time of settlement of the estate of Morey's aunt, Onez Norman Rooney, the sum of Two Hundred Thousand Dollars ($200,000.00) which takes into consideration all of the interest, charges, principal, judgments of any kind, character or nature, owed by Morey to Burger for whatever purposes owed, and does hereby liquidate the debt owing to a fixed amount of Two Hundred Thousand Dollars ($200,000.00).

In consideration of Morey executing this agreement setting out the amount owed to Burger, Burger hereby gives up all rights that he may have to sue Morey for any individual debt created for any purpose until the ripening of Morey's rights under any Will whereby Morey is in a position to inherit from Onez Norman Rooney, his aunt.

The further consideration of Morey's executing this instrument is that Burger has

---

1. 26 U.S.C.A. § 6332 (West 1989 & Supp.1992) provides in pertinent part:

   **§ 6332. Surrender of property subject to levy**
   (a) **Requirement.**—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary surrender such property or rights (or discharge such obligation) to the Secretary except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

   .   .   .   .   .

   (d) **Enforcement of levy.—**
   (1) **Extent of personal liability.**—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which a levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331(d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

   (2) **Penalty for violation.**—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

agreed to continue to represent Morey on credit in the establishment of whatever rights Morey has in the estate of Onez Norman Rooney during her lifetime or at her death or thereafter without charge to Morey as the work is done but with the understanding that any additional work done will be added to the liquidated amount of Two Hundred Thousand Dollars ($200,000.00) now due and owing.

Plaintiff's Motion for Summary Judgment, Exhibit "B." Shortly after the agreement was executed, Morey's aunt died. A dispute arose between Burger and defendant concerning the handling of the Rooney estate, and on May 29, 1987, defendant Morey fired Burger as his counsel. On June 5, 1987, Burger filed suit against defendant Morey seeking to collect the attorney fees provided for in the agreement.

Raymond Burger had previously, on April 1, 1985, been issued an assessment by the IRS for unpaid taxes, penalties and interest, relating to his 1983 federal income taxes. When the IRS learned of the suit between Burger and defendant Morey, it served on June 24, 1987, a levy upon defendant Morey seeking to obtain all money or other obligations owed by defendant Morey to Burger. The levy reflected the unpaid balance owing by Burger for his 1983 federal income taxes, as of March 30, 1987, in the amount of $55,502.61.

The underlying action between Burger and Morey was zealously contested by defendant Morey, who asserted various affirmative defenses to the contract, including lack of consideration, failure of performance, mutual mistake of fact, and unconscionability. Additionally, Morey filed a counterclaim against Burger by which he sought to rescind the agreement. In his counterclaim, Morey alleged that he had, in fact, entered into an attorney/client relationship with Burger and had sought legal advice and services from Burger. In the action upon the agreement, defendant Morey survived two motions for summary judgment filed by Burger such that liability was never established in the action by virtue of a judgment against defendant Morey.

On March 26, 1989, Burger died. On August 7, 1989, Morey entered into a Release and Indemnity Agreement with Burger's estate in settlement of the litigation. The settlement agreement called for Morey to pay to the estate the sum of $100,000 in exchange for a complete release and a dismissal of the litigation with prejudice. The settlement agreement also provided that the estate would indemnify Morey for any money or damages sought against Morey from a taxing authority. The estate was paid the sum of $100,000 on or about July 31, 1989. Despite the IRS's continuing assertion of the validity of the levy, the payment was made by defendant Morey to the estate; that is, the levy was not honored.

On or about October 16, 1989, the IRS, aware of the settlement, made demand upon Morey's lawyer for the amount of $55,502.61, giving Morey five (5) days to respond or face proceedings under 26 U.S.C. § 6332. The IRS was informed on October 23, 1989, of Morey's position—that the levy did not reach monies paid to the estate. This litigation ensued.

The dispositive issue with respect to both motions is whether, at the time the levy was served upon Morey, Morey was obligated with respect to property or rights to property subject to the levy.

Under Section 6331(a) of the Internal Revenue Code, the IRS is authorized to levy upon all property and rights to property (except property exempt by statute) belonging to a delinquent taxpayer....

An IRS levy, ... reaches only property which exists on the date of the levy. Thus, the Treasury Regulations provide that, except with respect to levies on salary or wages (as to which the Internal Revenue Code specifically authorizes a continuing levy), "[a] levy extends only to property possessed or obligations which exist at the time of the levy." Reg. § 301.6331(a)(1), emphasis added.

Under the Regulations, an IRS levy also will reach a vested, accrued right to receive money in the future. The Regulations then provide that an IRS levy will reach property "when the liability of the obligor is fixed and determinable although

the right to receive payment thereof may be deferred until a later date." Id....  This would cover, for example, a note providing for specific payments on fixed future dates.

In contrast, an IRS levy will not reach a taxpayer's claim to receive payments in the future where the taxpayer does not, at the time of the levy, have a fixed and determinable right to those payments. For example, the IRS has ruled that a levy will not reach unvested, contingent rights to future payments. See Rev.Rul. 75–554, 1975 C.B. 478....

Similarly, the example in the Regulations stating that an IRS levy will reach future payments due under completed sales of personal property implies that an IRS levy will not reach amounts to be received in the future for sales of personal property that have not yet occurred.

*In re Hawn,* 149 B.R. 450, 456 (Bankr. S.D.Tex.1993). *See also* 26 C.F.R. § 301.-6331–1 (1992).

Morey asserts that at the time he was served with the levy at issue he was not "in possession of or obligated with respect to property or rights to property," 26 U.S.C. § 6332 (West 1989 & Supp.1992), belonging to Burger, because his liability on the contract was disputed. *See U.S. v. Bell Credit Union,* 860 F.2d 365, 367 (10th Cir.1988) ("Only two defenses to a levy will excuse noncompliance by a third party thought to hold property of the taxpayer. The third party must establish that it is not in possession of the property or that the property was subject to prior judicial attachment or execution."). The IRS, in its brief, admits that "[r]esearch has uncovered no cases directly on point to Morey's argument." Plaintiff's Motion for Summary Judgment, p. 9. It then falls to this court to determine the nature of attorney Burger's interest, and whether that interest gave rise to an obligation chargeable to the defendant.

"Because the IRS 'steps into the taxpayer's shoes' and acquires whatever rights the taxpayer has with respect to the property, the IRS can succeed to rights no greater than those the taxpayer possesses." *U.S. v. General Motors Corp.,* 929 F.2d 249, 252 (6th Cir.1991). "[S]tate law determines 'the nature of the legal interest which the taxpayer had in the property.' *National Bank of Commerce,* 472 U.S. [713] at 722, 105 S.Ct. [2919] at 2925 [86 L.Ed.2d 565]." *Id.* at 251. *See also U.S. v. Bell Credit Union,* 860 F.2d at 367 ("[W]e look to state law to determine what interest the taxpayer had in the accounts. (citation omitted) Federal law, however, determines the tax consequences of the right created under state law." (citation omitted)).

The IRS characterizes the contract as a "receivable." Motion for Summary Judgment, p. 8. Defendant Morey likens this situation to attachment and garnishment process under, Oklahoma law; however, this argument presumes the interest without defining it. The court believes Burger's interest in the contract to be best characterized as a chose in action,[2] or as termed in Oklahoma, a "thing in action." A "thing in action" is defined in Okla.Stat.Ann. tit. 60, § 312 (West 1971) as "a right to recover money or other personal property, by judicial proceedings." Under Oklahoma law, a chose in action "is considered *intangible personal property*." *Shebester v. Triple Crown Insurers,* 826 P.2d 603, 608 (Okla.1992). *See also Perkins v. Oklahoma Tax Commission,* 428 P.2d 328, 330 (Okla.1967) ("[A] chose in action [is] a right to receive money shown to be due on

---

**2.** The concept of chose in action encompasses accounts receivable.

The term "chose in action" is one of comprehensive import. It includes the infinite variety of contracts, covenants, and promises which confer on one party the right to recover a personal chattel or a sum of money from another by action. Thus, the general class of choses in action includes money due on a bond, note, or other contract, damages due for breach of contract, for the detention of chattels, or for torts, and the rights of action for recovery thereof. As illustrating the comprehensiveness of the term in this respect, it has been held to include open or unliquidated accounts, bills and accounts receivable, the right to receive contract payments under a contract for the sale of real property, and a policy of insurance. Shares of corporate stock are regarded as personal property in the nature of choses in action, as are certificates of corporate stock.
63A Am.Jur.2d Property § 26 (1984).

liquidation and accounting—and hence constitutes intangible property.") It is a "mere contingent interest." *Norman v. Trison Development Corp.*, 832 P.2d 6, 11 (Okla.1992). By virtue of the chose in action, attorney Burger had an intangible, contingent interest in personal property to which the IRS succeeded on the date of levy. It has been held that "a federal tax lien can attach to contingent interests." (citations omitted) *Bigheart Pipeline Corp. v. United States,* 600 F.Supp. 50, 53 (N.D.Okla.1984), *aff'd,* 835 F.2d 766 (10th Cir.1987). Nevertheless, while federal tax liens may attach to contingent interests, a contingent interest must be vested. *In re Hawn, supra.* "A bundle of rights to contractual consideration need not have present existentiality in order to be 'property'; such rights may operate in the future as long as they have value in the present." *Randall v. H. Nakashima & Co., Ltd.,* 542 F.2d 270, 277 n. 13 (5th Cir.1976).

The defendant Morey vehemently argues, consistent with the Treasury Regulations, that he had no obligation to the taxpayer arising from this interest on the date of levy, since an "obligation" exists only "when the liability of the obligor is *fixed and determinable* although the right to receive payment thereof may be deferred until a later date." 26 C.F.R. § 301.6331–1. *See Nicholas v. Richlow Mfg. Co.,* 126 F.2d 16 (10th Cir.1941) (Treasury Regulations "neither unreasonable nor inconsistent with the statute [are] entitled to respectful consideration and should not be overruled except for weighty reasons."). Defendant's argument rests in the good faith dispute over the contract—that the obligation or liability was not fixed at the time the levy was served.

█ The IRS argues that all acts giving rise to the claim and cogent to its determination had been performed on that date and that if liability existed, it was fixed and determinable on the date of levy. Nevertheless, 26 U.S.C.A. § 6332(d) (West 1989 & Supp. 1992) (emphasis supplied) states for purposes of enforcement that the nonsurrendering person shall be liable "in a sum equal to the *value* of the property or rights not so surrendered, but not exceeding the amount of taxes." It thus appears that for purposes of enforcing a levy, one must be able to fix and determine the value of the taxpayer's property interest on the date of levy in order for there to be property subject to levy in the hands of the obligor. This is consistent with the fact that under subsection (d), interest accrues on the amount owed from the date of levy.

Here, the taxpayer's rights were not vested on the date of levy. *See Perkins v. Oklahoma Tax Commission,* 428 P.2d 328, 330 (Okla.1967) ("Intangible personal property is such property as has no intrinsic value but which is representative or evidence of value.").

█ The court holds that the taxpayer held a chose in action to which, upon levy, the IRS succeeded. Any obligation arising thereunder was not vested, or fixed and determinable on the date of levy. Therefore, defendant Morey was not "in possession of (or obligated with respect to) property or rights to property," 26 U.S.C.A. § 6332(a) (West 1989 & Supp.1992), on the date of levy. His subsequent nonsurrender did not violate the statute. This holding MOOTS the assertion that IRS is entitled to a fifty (50) percent penalty pursuant to 26 U.S.C.A. § 6332(d)(2) (West 1989 & Supp.1992).

Accordingly, the Motion for Summary Judgment of defendant Morey is GRANTED. The Motion for Summary Judgment of plaintiff, United States, is DENIED.

IT IS SO ORDERED.