[No. 18239.  Department One.  December 10, 1923.]

ADA G. PARKIN, *as Executrix of the Estate of Joseph Parkin, Deceased, Respondent*, v. NORTHERN BANK AND TRUST COMPANY, *and* JOHN P. DUKE, *Supervisor of Banking, Appellants.*[1]

SET-OFF AND COUNTERCLAIM (9)—SUBSISTING RIGHTS OF ACTION—NOTE DUE BANK SET OFF AGAINST LIABILITY OF BANK.  Where receivers, in violation of an order of court, deposited money in a bank which had knowledge of the entire situation, they became personally liable therefor and the bank became liable to them; hence, on the later insolvency of the bank, which held notes against one of the receivers, since deceased, the receiver's personal representative is entitled to have the notes set off against the amount due from the bank by reason of the deposit and to receive dividends upon the balance.

Appeal from a judgment of the superior court for King county, Ralston, J., entered July 27, 1923, upon findings in favor of the plaintiff, in an action to recover dividends, tried to the court.  Affirmed.

*Tennant & Twitchell,* for appellants.

*William E. Froude, Donworth, Todd & Higgins (Hyman Zettler,* of counsel), for respondent.

TOLMAN, J.—No questions of fact are raised in this case, the sole question being whether the facts found by the trial court support the judgment.

It appears that respondent is the executrix of the estate of Joseph Parkin, deceased; that Joseph Parkin, prior to his death in 1918, was one of the receivers of the Seattle, Renton & Southern Railway Company; that prior to the insolvency of the Northern Bank & Trust Company, which occurred in January, 1917, in

[1]Reported in 220 Pac. 825.

direct violation and contravention of an order of the court, under whose authority they were acting, the receivers deposited with such bank the sum of $5,656.56, the bank having knowledge of the entire situation. Following the insolvency of the bank, the superior court duly decreed that the receivers were personally liable to the estate in their charge for the sum so deposited, and directed them, within a specified time, to pay that sum into court. Before the time limited in the order expired, the estate was closed; and the receivers not having paid in the money, the court charged to Joseph Parkin the sum of $2,828.27, and deducted that amount from the compensation awarded him as receiver, in lieu of payment under the previous order.

At the time the bank became insolvent, Joseph Parkin was indebted to it on a promissory note for $950, and also was indebted to it as endorser upon another note for $200, held by the bank, and made by one Bickel. The supervisor of banking and his predecessors have declared and paid three dividends on the claims proven against the bank, aggregating forty per cent; but there has been a continued refusal to pay any of these dividends accruing on the $2,828.27 claim to Parkin, or to the executrix of his estate, the amount of all such dividends having been credited upon Parkin's indebtedness to the bank above mentioned.

By this action, respondent sought to have the two notes mentioned set off against the claim of $2,828.27 as of the date of the insolvency of the bank, thus leaving the bank indebted to the estate of Joseph Parkin in the sum of $1,678.27, and demanding a judgment for all dividends declared or to be declared upon that sum. From a judgment awarding the relief sought, the supervisor of banking has prosecuted this appeal.

We have but recently examined the question of law

here presented in the case of *North Side State Bank v. United States Fidelity & Guaranty Co.*, ante p. 342, 220 Pac. 822, and there remains nothing to be said upon the subject. The only question now to be decided is whether the facts here found bring this case within the rule there announced. We think there can be but one answer. When the receivers violated the order of the court by making the deposit, the receivers became personally liable for the amount thus wrongfully disposed of, as fully and completely as though they had misapplied the fund to their own use. That they did not pay and discharge this liability until after the bank became insolvent, cannot alter the situation. Having wrongfully diverted the money, and the bank having accepted it with knowledge of the wrongful conversion, they were, from the moment of such diversion, personally liable to their trust, and the bank was personally liable to them. One liability arose instantly upon the accruing of the other. The right of offset was therefore complete at and before the time when the bank was found to be insolvent, and therefore the rule announced in the *North Side State Bank* case must govern.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.