Note.—See under (1) 4 C. J. p. 1431, §1593; 2 R. C. L. p. 177: 1 R. C. L. Supp. p. 426. (2) 4 C. J. p. 853, §2834; 2 R. C. L. p. 282; 1 R. C. L. Supp. p. 490; 4 R. C. L. Supp. p. 103; 5 R. C. L. Supp. p. 92. (3) 4 C. J. p. 859, §2836; p. 861, §2838; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433: 4 R. C. L. Supp. 90; 5 R. C. L. Supp. p. 79: 6 R. C. L. Supp. p. 73. (4) 38 Cyc. pp. 1589, 1778, 1779; 14 R. C. L. p. 790; 4 R. C. L. Supp. p. 919.

## MORRIS v. SAVAGE et al.

No. 16642—Opinion Filed June 7, 1927.

Rehearing Denied Oct. 4, 1927.

(Syllabus.)

1. **Partnership — New Partner Admitted Only by Consent of All Partners.**

A partnership can be formed only by the consent of all parties thereto, and no new partner can be admitted into a partnership without the consent of every existing member thereof.

2. **Same—Definition of Partnership.**

Partnership is the association of two or more persons for the purpose of carrying on business together and dividing its profits between them.

3. **Same—Essentials of Relation.**

Where the parties to a contract alone are concerned, a co-partnership is not created, except where the parties so intend it, by a voluntary agreement to that effect. In order to constitute a partnership inter sese there must be: (1) An intent to form the same; (2) generally, a participating in both profits and losses; (3) and such a community interest, as far as third persons are concerned, as enables each party to make contracts, manage the business, and dispose of the property. Where the agreement does not contain these essential elements, it does not constitute a partnership.

4. **Judgment Sustained.**

Record examined; held to be sufficient to support the judgment of the trial court.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by F. C. Savage against the Norris-Buchanan Construction Company et al.:

C. F. Morris intervening. From the judgment, intervener appeals. Affirmed.

Orr & Woodford, for plaintiff in error.

Oliver C. Black, for defendants in error.

HEFNER, J. For convenience we shall refer to the parties in this appeal as they, appeared in the trial court.

Plaintiff, F. C. Savage, sued the Norris-Buchanan Construction Company and alleged that the Norris-Buchanan Construction Company was a copartnership composed of H. E. Norris, H. G. Buchanan, and F. C. Savage, the plaintiff, and that said company was organized for the purpose of conducting a general construction work; that each of the copartners was individually liable for all of the obligations of the copartnership; that the business of the copartnership had been mismanaged and was insolvent; that H. G. Buchanan and H. E. Norris had taken into the copartnership, without the consent of the plaintiff, C. F. Morris, and that by virtue of said act of mismanagement and taking in of an additional member said copartnership should be dissolved and an accounting had and judgment rendered against H. E. Norris and H. G. Buchanan for any amount on accounting that he should be required to pay in order to satisfy the obligations of said copartnership. He further alleged that he was a partner for the purpose of giving credit to the copartnership. He asked that he have a decree dissolving the copartnership and that a receiver be appointed to take charge of the assets and business of the copartnership.

The court appointed a receiver with authority to take over and continue the performance of a contract for the construction of a building which was being constructed in the town of Checotah, Okla.

The intervener, C. F. Morris, alleged. in substance that on January 16, 1922, he entered into an agreement with H. E. Norris and H. G. Buchanan whereby, in consideration of $1,000, he became a copartner with the defendants to engage in the business of general construction, and to share and participate in the profits of a certain contract between the I. O. O. F. Home at Checotah, and attached a copy of the agreement to his interplea. The intervener further alleged that he was solvent and able to complete the contract, and that he was ready and willing to perform all the obligations imposed by reason of said agreement, but that, notwith-standing these facts, the plaintiff brought the action without making him a party, and conspired together with the defendants to appoint a receiver without the knowledge of the intervener. The intervener did not deny plaintiff's allegation of his partnership.

Intervener further alleged that he was entitled to one-third of all profits derived from construction of the building, but was not chargeable with any previous existing debts of the Norris-Buchanan Construction Company nor of the costs of the receivership.

The intervener afterwards filed an amended interplea and alleged that the defendants H. G. Buchanan and H. E. Norris represented to him that they were copartners and that no other person was interested therein, and induced him to enter into the agreement upon said representation, and that he paid the sum of $1,026.50 to the partnership, which sum was used for material and construction of the I. O. O. F Home at Checotah. He further alleged that the representations were false, and that the partnership was composed of F. C. Savage in addition to the two defendants, and that Norris and Buchanan had no authority to enter into the partnership with him, all of which was unknown to him.

The Grand Lodge of Oklahoma of the Independent Odd Fellows Lodge filed a petition of intervention and alleged that two contracts were made with the construction company for the erection of the Odd Fellows Home, and that it became necessary for it to advance the sum of $4,122.76 in excess of the contract price for the construction of said building. This claim was allowed by the court. The case came on for trial between the plaintiff, F. C. Savage, and the intervener, C. F. Morris.

That portion of the decree rendered by the court which affects the intervener, C. F. Morris, is as follows:

"Wherefore, it is by the court considered, ordered, adjudged, and decreed, that the Norris-Buchanan Construction Company, a copartnership, composed of H. E. Morris and H. G. Buchanan, as partners, until the 16th day of January, 1922, and that the intervener, C. F. Morris, became a partner in said copartnership with the said H. E. Norris and H. G. Buchanan under articles of agreement entered into on said date and thereby became liable and bound on all of the contracts of said copartnership and obligations of said copartnership pertaining to the construction of the annex to the Grand

Lodge of Oklahoma of the Independent Order of Odd Fellows home building at Checotah, Okla., and that the said plaintiff F. C. Savage; had by express agreement and by holding himself out as a partner rendered himself liable and bound as surety of said copartnership, and that therefore judgment is hereby rendered as against the said Norris-Buchanan Construction Company, and the said H. E. Norris, H. G. Buchanan, and C. F. Morris, as copartners and principal debtors, and as against the said F. C. Savage as surety, and in favor of the intervener, the Grand Lodge of Oklahoma of the Independent Order of Odd Fellows, in the sum of $4,434.83, principal and interest to this date, with interest thereon from this date at the rate of six per cent. per annum until paid, for which let execution issue."

It will be seen that the court held F. C. Savage, H. G. Buchanan, H. E. Norris, and C. F. Morris jointly and severally liable, and that F. C. Savage, should he pay any part of the judgment rendered, should be subrogated to the rights of the creditors as a surety and be entitled to execution against H. E. Norris, H. G. Buchanan, and C. F. Morris to the extent that judgment was rendered against them and the said Savage. From this judgment the intervener, C. F. Morris, appeals.

On the 21st day of October, 1921, Norris, Buchanan, and the plaintiff. Savage, entered into a written agreement of copartnership, and on the 16th day of January, 1922, Norris, Buchanan, and the intervener Morris entered into an agreement of copartnership. The last agreement was entered into without the knowledge or consent of the plaintiff, Savage, and, if he was made a copartner by the agreement first metioned above, then Buchanan and Norris had no authority to enter into the partnership agreement with Morris.

It is insisted that the partnership agreement between Norris, Buchanan, and Savage did not constitute Savage a partner. The intervener Morris insists that said agreement did make Savage a partner, and because he did not consent to the subsequent agreement of partnership between Norris, Buchanan, and Morris, that this agreement was not binding upon the intervener Morris because Buchanan and Norris had no authority to take him into a partnership without the consent of Savage. He based his contention on section 8104, C. O. S. 1921, which is as follows:

"A partnership can be formed only by the consent of all parties thereto, and no new partner can be admitted into a partnership without the consent of every existing member thereof."

His contention under this statute would doubtless be true if Savage was a partner with Norris and Buchanan. The question then for determination in this case is, Was Savage made a copartner with Norris and Buchanan by their written agreement? The determination of this question will dispose of all the issues in this case.

The agreement between H. E. Norris, H. G. Buchanan, and F. C. Savage is as follows:

"Articles of Agreement made this the 21st day of October, 1921, at Hartshorne, Oklahoma. by and between H. E. Norris, H. G. Buchanan, and F. C. Savage, all of Hartshorne, Oklahoma, the terms and conditions of which are as follows:

"That said parties above named have agreed to become copartners in business, and by these presents do agree to be copartners together under and by virtue of the firm name of 'The Norris-Buchanan Construction Company' to engage in the business of general construction and engineering work; the partnership to commence on the 1st day of November, 1921, and to continue for a period of one year from date thereof.

"It is agreed and understood that the said F. C. Savage is a dormant partner and the terms and conditions hereinafter set forth that apply to the management and operation of the partnership business shall apply only to and operate between the said H. E. Norris and H. G. Buchanan and it is understood and agreed to by and between the parties hereto that the said F. C. Savage hereby affiliates himself as a copartner with the said H. E. Norris and H. G. Buchanan in order that the said copartnership may obtain credit rating as hereinafter set forth and expressed.

"It is further agreed by these presents that said F. C. Savage binds himself to secure for the said copartnership a credit rating, Bradstreet & Dunn, of $25,000.00 Al. and to maintain the same during the term thereof.

"It is further agreed that in consideration of the terms and conditions hereinafter set forth that said F. C. Savage shall receive the sum of $100 per month, payable in advance, by the said H. E. Norris and H. G. Buchanan and that this consideration shall in no wise be determined or affected by the profits or losses of the partnership.

"It is further agreed that the said F. C. Savage shall in no manner participate in the profits or losses of the said partnership and that they shall inure to the benefit and

detriment of the said H. E. Norris and H. G. Buchanan as hereinafter provided and that the latter parties shall indemnify and hold harmless the said F. C. Savage from all losses incurred in the partnership operations."

Does this agreement make Savage a partner? In determining whether a partnership existed between the parties we must look to 'the agreement between them and let the intentions control. Section 8103, C. O. S. 1921, defines partnership as follows:

"Partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them."

In 20 R. C. L. p. 831, par. 36, under the chapter on Partnership, it is said:

"The particular test as to the existence of the partnership relation which is most widely accepted today and which is applicable especially as between the parties themselves irrespective of the rights of third persons is that a partnership is formed and exists only when it was the intention of the parties that they should be partners. Partnership contracts, like other contracts, are governed by the intention of the parties. Every partnership rests on the mutual consent of the members."

This doctrine was also affirmed as the law of this state in the case of Foster v. Wilkinson, 96 Okla. 110, 220 Pac. 325, in an able opinion written by Mr. Justice Cochran. In the case of Municipal Paving Company v. Herring et al., 50 Okla. 470, 150 Pac. 1067, paragraphs 2 and 3 of the syllabus are as follows:

"2. Where the parties to a contract alone are concerned, a copartnership is not created, except where the parties so intend it, by a voluntary agreement to that effect.

"3. In order to constitute a partnership inter sese there must be: (a) An intent to form the same; (b) generally, a participating in both profits and losses; (c) and such a community of interest, as far as third persons are concerned, as enables each party to make contracts, manage the business, and dispose of the whole property."

Now, applying the test laid down in the above opinion to the alleged partnership under consideration, we find that there was no intention on the part of the parties that F. C. Savage should become a general partner, and that the agreement specifically provided that Savage should share neither profits nor losses. He was not to participate in the management or operation of the partnership; he had no authority to make contracts or dispose of any property. He did not own any of the property of the partnership. His only duty was to give Norris and Buchanan a credit rating, for which they agreed to pay him $100 a month regardless of profits or losses, and agreed to indemnify him against all losses in the partnership operations. Savage had no right to make contracts, incur liability, dispose of property, or participate in the management. This agreement did not make him a partner, neither did it prohibit Norris and Buchanan from entering into a partnership agreemen with C. F. Morris, and therefore the agreement between H. E. Norris, H. G. Buchanan, and C. F. Morris was a valid, binding partnership agreement, and when said agreement was entered into all of the parties became liable in accordance with the terms thereof.

It follows that the trial court committed no error and the judgment is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 30 Cyc. pp. 352, 604 (Anno); 20 R. C. L. p. 983. (2) 30 Cyc. p. 349; 20 R. C. L. p. 800; 5 R. C. L. Supp. p. 1126; 6 R. C. L. Supp. p. 1234. (3) 30 Cyc. pp. 360, 366, 380, 385 (Anno), 413; anno. 18 L. R. A. (N. S.) 978; 20 R. C. L. p. 831; 3 R. C. L. Supp. 1104; 4 R. C. L. Supp. p. 1379; 5 R. C. L. Supp. p. 1127; 6 R. C. L. Supp. p. 1237. (4) 30 Cyc. pp. 395, 416.