**AMERICAN ART WORKS, Inc., v. REPUBLICAN STATE COMMITTEE et al.**

No. 25962. Sept. 8, 1936.

F. E. Chappell, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert, for defendants in error.

BAYLESS, J. American Art Works, Inc., a corporation, hereinafter called plaintiff, instituted an action in the district court of Oklahoma county, from whence the action was transferred to the court of common pleas, against Republican State Committee, C. C. Hawks, chairman, W. G. Skelly, Fred C. Clark, and Geo. B. Schwabe, hereinafter referred to individually by name, and collectively as defendants; and when a demurrer to its evidence was sustained, appealed to this court.

We quote certain material portions of the plaintiff's petition:

"That in the year 1930, the Republican Campaign Committee was duly organized in the State of Oklahoma as a joint adventure to further the interest of the various candidates for office upon the Republican ticket in the State of Oklahoma, and was so organized by and with the defendant W. G. Skelly designated as National Committeeman for the State of Oklahoma; the defendant Fred C. Clark as Chairman of the State Central Committee, and with the defendant Geo. B. Schwabe as manager, and that the defendants W. G. Skelly, Fred C. Clark and

Geo. B. Schwabe, together with numerous others whose names are unknown to this plaintiff, entered into a joint arrangement and became joint adventurers under the name and style of the Republican State Central Committee, to promote the interest and elect to public office the various candidates for public office on the Republican ticket in the State of Ok'ahoma, among which candidates was one Ira Hill, Republican Candidate for Governor in the State of Oklahoma, to be voted for at the general election in the month of November, 1930; and that in furtherance of the promotion of the candidacy of the said Ira Hill, and to advertise his candidacy to the voters of the State of Oklahoma, and to promote and procure his election to the office of Governor of the State of Oklahoma, the Republican State Committee, organized as aforesaid and for the purpose aforesaid, by and through Geo. B. Schwabe, its manager, with the aid, consent and acquiescence of the said W. G. Skelly, Fred C. Clark, and others, whose names are unknown to this plaintiff, made and entered into a contract or order with this plaintiff on the 12th day of September, 1930, * * * and agreed to pay therefor the sum of $515. * * *"

Full performance by the plaintiff is alleged, and failure on the part of the defendants to pay. The respective answers of the individual defendants denied personal liability and set up certain legal defenses.

Only two witnesses testified for plaintiff—defendant Schwabe, and Ehlerman, selling agent for plaintiff. No proof was made of the legal status or existence of the Republican State Committee, nor of the identity of its individual members. It was shown that a meeting of its executive committee (also wholly unexplained and its membership unknown) designated a committee composed of defendants Skelly, Hawks, and Clark, and one Pine, to select a campaign manager, and that this committee selected defendant Schwabe. The nature of his duties and the authority vested in him are not shown in the record. Schwabe executed the written contract involved, explaining that he would not be bound individually and explaining further that the organization which he represented had no funds with which to pay nor means of obtaining funds except through voluntary contributions. Ehlerman testified as follows:

"Q. Was there anything said there at that time as to who credit was extended to? In other words, what was said about the payment of this, if anything? A. I can't recall, any more than saying that the Republican Committee were good for it, due to Mr. Skelly's rating and some of the others that were in it. Q. Through Mr. Skelly's rating? A. Yes, sir. I told them that I could get the house to ship it under these conditions. * * * Q. Were any representations made to you as to what source the money, from what source the money was to come? A. Not that I remember of."

Plaintiff's first proposition is:

The Republican Party as it exists in Oklahoma, although a voluntary association it may be, is such an association or organization as is recognized by the law of the state of Oklahoma and may be sued and judgment rendered against it.

This proposition is sought to be sustained by reference to statutes of this state authorizing the various political parties, through state central committees, to perform certain duties, and seeking to imply therefrom that the Republican State Committee sued herein must exist and be a legal entity. These laws do not prescribe that such committees shall exist, but only that political parties may do certain things through these committees. The fallacy of this argument is obvious. Our laws authorize the organization and existence of numbers of bodies many of whose identity may be inferred from the nature of the business they transact. But it never has been thought or held that because such bodies are authorized, they ipso facto exist.

It is apparent from the arguments of the parties in their briefs that if such an association as Republican State Committee existed, it was at most an unincorporated association, most of whose members are not identified, and its purposes and powers undisclosed by evidence. The law as to the liability of such associations and the individua's composing the same is well stated in 25 R. C. L. 64, sec. 20:

"There are, however, a number of decisions to the effect that associations and clubs, the objects of which are * * * or political, and not for purposes of trade or profit, are not partnerships, and pecuniary liability can be fastened on the individual members of such associations only by reason of the acts of such individuals or of their agents; and the agency must be made out—none is implied from the mere fact of association. Only these members of such societies as authorized or ratify the transaction are liable on its contract."

See Harrill v. Penn, 134 Okla. 259, 273 P. 235.

Plaintiff's second proposition is:

"While an unincorporated voluntary association may not in itself be bound by the

acts of its agents, its members are bound as principals by contracts entered into by their agents in the scope of their authority, where such members expressly or impliedly consented to, or ratified such contract.

No proof of Schwabe's authority is in the record. There is no proof that any member of the committee, and especially those named, knew that Schwabe executed the contract with the intention of binding the members individually, or ratified or assented to their liability thereon afterwards. Schwabe signed in a representative capacity only, and specifically, orally provided against his personal liability therefor. The trial court did not err in sustaining the demurrers to the plaintiff's evidence.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and PHELPS, JJ., concur.