Bryce C. ROBY, Appellant,

v.

Bruce W. DAY, Appellee.

No. 53613.

Supreme Court of Oklahoma.

Oct. 13, 1981.

Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc. by John C. Andrews, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

LAVENDER, Justice:

Plaintiff filed suit against defendant as Administrator of the Oklahoma Department of Securities alleging he proposed to submit to defendant a registration statement for public sale of interests in a limited partnership to be formed pursuant to The Oklahoma Uniform Limited Partnership Act (54 O.S.1971, § 141 et seq.). Under the proposed plan, the capital of the proposed partnership was to be used to purchase liquor. The proposed partnership comprised of individual consumers of alcoholic beverages would enter into storage and service agreements with various private clubs to store the liquor and serve it to the partners upon their proof of identification. Upon the request of defendant, the Attorney General of the State of Oklahoma rendered an opinion in which he determined that "the proposed business purpose for which the limited partnership would be formed is illegal." Based thereon, defendant expressed his intent to issue an order denying the effectiveness of such a registration pursuant to § 306 of the Oklahoma Securities Act, Title 71 O.S.1971, § 1 et seq. Plaintiff seeks a finding and declaratory judgment that the purpose of the partnership is lawful and valid. From the adverse judgment of the court below, plaintiff brings this appeal.

Plaintiff perceives three hurdles which he must transcend to achieve his stated goal. The first is § 4, Art. 27 of the Oklahoma Constitution which states:

"The open saloon, for the sale of alcoholic beverage, as commonly known prior to the adoption of the Eighteenth Article of Amendment to the Constitution of the United States of America, is hereby prohibited.

"Retail sales of alcoholic beverage shall be limited to the original sealed package, by privately owned and operated package stores, in cities and towns having a population in excess of two hundred."

The words "open saloon" shall mean: "Any place, public or private, wherein alcoholic beverage is sold or offered for sale, by the drink; or sold, offered for sale, or kept for sale for consumption on the premises."

The second is § 505 of The Alcoholic Beverage Control Act (37 O.S.1971, § 502 et seq.) which states, in part:

"No person shall sell, possess, store, import into or export from this state, transport, or deliver any alcoholic beverage except as specifically provided, that nothing herein shall prevent the possession and transportation of alcoholic beverages for the personal use of the possesser, his family and guests, . . . ."

The third is the holding of the Oklahoma Criminal Court of Appeals in *Harrell v. State*, Okl.Cr., 359 P.2d 610 (1961) wherein the court stated:

"It is unlawful for any person natural or artificial, or for any association of persons to sell intoxicating liquor by the drink either directly or indirectly, under any circumstances and at any place. No scheme or device, however subtle, should be permitted to serve as an evasion of the law if the method employed in any way involves the elements of a sale.

\* \* \* \* \* \*

"It now becomes a matter for law enforcement. This court has no hesitancy in conforming the expressed will of the people, that the open saloon cannot exist in Oklahoma until by Constitutional amendment the law is changed. Whether it be done directly or indirectly, by device or scheme, by subterfuge or otherwise, this court will not place approval thereon where a color of sale exists."

In essence the partnership represents a scheme for distribution of alcoholic beverages which is outside of the framework of the statute and the Constitution of Oklahoma that govern licensing, distribution, and regulation of alcoholic beverages.

However, we perceive yet another hurdle.

Section 144 of The Oklahoma Uniform Limited Partnership Act (54 O.S.1971, § 141 et seq.) provides:

"A limited partnership may carry on any business which a partnership without limited partners may carry on, except banking and insurance."

Section 206 of The Uniform Partnership Act (54 O.S.1971, § 201 et seq.) insofar as pertinent, states:

"(1) A partnership is an association of two or more persons to carry on as co-owners a business for profit.

"(2) . . . this Act shall apply to limited partnerships except insofar as the statutes relating to such partnerships are inconsistent herewith."

The limited partnership contemplated by plaintiff is neither a "business" nor is it "for profit" within the meaning of § 144, supra. Without the presence of both, plaintiff's whole scheme crumbles.

This court has held that associations and clubs, the objects of which are political rather than for purposes of trade and profit are not partnerships.[1] In *Union League Club v. Johnson*, Cal.App., 108 P.2d 487 (1941), the California court had before it the question of whether a Retail Sales Act applicable by statute to one engaged in "business" of selling tangible personal property at retail imposed the tax upon a private club similar to the one the plaintiff contemplates forming. It was there held that such a club was not engaged "in business at all in the commercial or trade sense, as ordinarily understood."

In *Meehan v. Valentine*, 145 U.S. 611, 12 S.Ct. 972, 36 L.Ed. 835, the United States Supreme Court enunciated the general rule in the following language:

"[T]hose persons are partners who contribute either property or services to carry on a joint business for their common benefit, and who own and share the profits thereof in certain proportions. If they do this, the incidents or consequences follow that the acts of one in conducting the partnership business are the acts of all; that each is agent of the firm and for the other partners; that each receives part of the profit as profits, and takes part of the fund to which the creditors of the partnership have a right to look for the payment of their debts; that all are liable as partners upon contracts made by any of them with third persons within the scope of the partnership business; and that even an express stipulation between them that one shall not be so liable, though good between themselves, is ineffectual as against third persons. And participating in profits is presumptive, but not conclusive, evidence of partnership."

The adoption of The Uniform Partnership Act and The Uniform Limited Partnership Act by the various states has left the general rule unchanged. In construing the Uniform Partnership Act of March 26, 1915, P.L. 18, part 2, § 6 (59 P.S. § 11) which is identical in language to § 206(1) of 54 O.S. 1971, the case of *Schuster v. Largman*, 308 Pa. 520, 162 A. 305 (1932) holds that, "The indispensable requisites of a partnership are co-ownership of a business and the sharing of its profits."

In *Harrell v. London*, 129 Okl. 240, 264 P. 172 (1928) this court quoted with approval from *Bromley v. Elliot*, 38 N.H. 287, 75 Am.Dec. 183 in holding that "the essence (of the partnership contract) is that they (the partners) should be jointly concerned in profits and loss, or in profits only, in some honest and lawful business—the relation of partners being established by the fact that they share the profits between them."[2]

The only enterprise which plaintiff's scheme contemplates "carrying on" is the replenishment of alcoholic consumables as the common supply diminishes, a project

---

1. *American Art Works v. Republican State Committee*, 177 Okl. 420, 60 P.2d 786 (1936).

2. In accord, see *Morris v. Savage*, 126 Okl. 221, 259 P. 239 (1927); *Preston v. State Industrial Accident Commission*, 174 Or. 553, 149 P.2d 957 (1944); *Westcott v. Gilman*, 170 Cal. 562, 150 P. 777 (1915).

**614**

which falls short of a program which the contemplated partners will "carry on as co-owners a business for profit."

The circumventional convolutions by which the plaintiff seeks to qualify the contemplated partner as a "possessor" of alcoholic beverages within the meaning of that portion of 37 O.S.1971, § 505 which states, "nothing herein shall prevent the possession and transportation of alcoholic beverages for the personal use of the possessor, his family and guests," is likewise doomed to failure.

■ By a process of syllogistic reasoning, plaintiff urges that the "ownership" by the partners of the common store of alcoholic beverages under the Oklahoma Uniform Partnership Act makes each a "possessor" under 37 O.S.1971, § 505. This conclusion is, however, reached by a misconstruction of the meaning of §§ 224 and 225 of the Uniform Partnership Act.[3]

The rights of ownership and of possession of a partner are summarized in 60 Am. Jur.2d Partnership, § 102 in the following language:

"The Uniform Partnership Act is in accord with the common law in providing that a partner, subject to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes, but has no right to possess such property for any other purpose without the consent of his partners. Hence, in the absence of a special agreement, neither partner separately owns, or has the exclusive right of possession of, any particular articles of partnership property.

Nor does either partner own any proportional part of any article of partnership property, but each has dominion over the whole article and over the entire partnership property."

■ Or, as is expressed in *Cook v. Lauten*, 335 Ill.App. 92, 80 N.E.2d 280, 282, "each partner is possessed of a joint interest in the whole but does not own any separate part of the partnership property." Our own court has characterized a partner's rights in a partnership as being an intangible property right, a chose in action—a right to receive money shown to be due on liquidation and accounting.[4] And we have held that: "The property of a partnership belongs to the firm, and not to the partners, each of whom is entitled only to a share of what may remain after payment of the partnership debts, and after a settlement of the accounts between the partners,"[5] under the law prior to the adoption of the Oklahoma Uniform Partnership Act. Thus, the partner-owner is deprived of all power to separate disposition of partnership property.[6] *State v. Elsbury*[7] cited and relied on by plaintiff appears to be fully in accord with the views herein expressed.

■ In sum, the scheme contemplated by plaintiff is not for an authorized partnership purpose. Even if such a partnership were authorized by law, an individual partner would have no right under the law to claim his proportionate share of the partnership assets (alcoholic beverage) in kind. While he would be a co-owner of each and all of the alcohol containers acquired by the partnership and of the contents thereof, his "ownership" in essence is purely an intangible: a right to his proportionate share of

**3.** § 224 provides: "The property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management.
 § 225 provides: "(1) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.
 "(2) The incidents of this tenancy are such that:
 (a) A partner, subject to the provisions of this Act and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to

possess such property for any other purpose without the consent of his partners."

**4.** *Perkins v. Oklahoma Tax Commission*, Okl., 428 P.2d 328 (1967).

**5.** *Krone v. Higgins*, 195 Okl. 380, 158 P.2d 471 (1945).

**6.** *Windom Nat. Bank v. Klein*, 191 Minn. 447, 254 N.W. 602 (1934); 39 ALR2d 1365, 1367.

**7.** 63 Nev. 463, 175 P.2d 430 (1946).

the money remaining if and when the partnership is dissolved, the bills paid and the assets liquidated. And his right to possession, his role as a "possessor" is limited to partnership purposes. But the purchase of alcohol by a "partnership" for consumption by the individual partners without profit to the partnership is not an authorized purpose for the formation of a partnership, and if done for profit opens a veritable Pandora's box of ills and troubles for the thirsty "partner."

We think the admonitions in *Harrell v. State, supra,* would be well heeded. If the open saloon returns to Oklahoma, we suggest that it will arrive by a Constitutional Amendment.

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, SIMMS, HARGRAVE and OPALA, JJ., concur.