Dear Senator Coates
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May a winery licensed in Oklahoma ship alcoholic wine products directly to in-state or out-of-state individuals who purchase wine?
 2. May an individual purchase and ship wine from the premises of a winery licensed in Oklahoma to the individual's residence for the personal use of the possessor?
¶ 1 You ask two questions relating to the shipment of wine from a winery licensed in Oklahoma: one dealing with the authority of the winery to ship wine directly to individual purchasers, and one dealing with the authority of the individual who purchases wine at a winery to ship wine to the individual's residence for personal use.
¶ 2 The manufacture and sale of wine are regulated by the Alcoholic Beverage Laws Enforcement Commission ("ABLE"). Okla. Const. art. XXVIII, § 1. Section 1 of Article XXVIII provides for the creation of ABLE (formerly the Alcoholic Beverage Control Board) for the purpose of enforcing the alcoholic beverage laws of the State. The Oklahoma Alcoholic Beverage Control Act ("Act"), (37 O.S. 2001 Supp. 2004, §§ 501-599), regulates the licensing, distribution and transportation of alcoholic beverages. ABLE is authorized to issue licenses and permits pursuant to a fee schedule set out at Section 518 of Title 37. Those licenses include, among others, licenses for brewers, Oklahoma brewers, distillers, winemakers, Oklahoma winemakers, rectifiers, wholesalers, class B wholesalers, carriers, private, bonded warehousers and sacramental wine suppliers and charitable auctions. See id. Additional licensing is provided for nonresident sellers of alcoholic beverages to wholesalers and Class B wholesalers at 37 O.S. 2001, § 524[37-524](A).
 The Shipping of Wine to Individual Purchasers By Oklahoma-licensed Wineries
¶ 3 You first ask whether a winery licensed in Oklahoma may ship wine to individuals who purchase wine residing either in or out of Oklahoma. Section 518 of Title 37 governs the types of licenses issued by ABLE, which allows for the issuance of either a winemaker license or an Oklahoma winemaker license.[1] A "winemaker" is defined in the Alcohol Beverage Control Act as "any person who produces wine[.]" 37 O.S. 2001, § 506[37-506](41).[2] The term "Oklahoma winemaker" is defined by Section 506(42) in the following manner:
 "Oklahoma winemaker" means a business premises in Oklahoma licensed pursuant to the Oklahoma Alcoholic Beverage Control Act wherein wine is produced by the licensee who must be a resident of the state. The wine product fermented in said licensed premises shall be of grapes, berries and other fruits and vegetables imported into this state and processed herein or shall be of grapes, berries and other fruits and vegetables grown in Oklahoma.
Id. (emphasis added).
¶ 4 The Oklahoma Constitution addresses your question as it provides, in pertinent part, at Section 3 of Article XXVIII:
 The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverages, consistent with the provisions of this Amendment. . . . Winemakers either within or without this state shall be required to sell wine they produce to every licensed wholesale distributor who desires to purchase the wine, but winemakers shall not be required to sell the wine they produce only to licensed wholesale distributors. Winemakers may sell wine produced at the winery to consumers on the premises of the winery. Oklahoma winemakers may sell and ship the wine they produce at wineries in this state directly to retail package stores and restaurants in this state. As used in this section, "restaurant" means an establishment that is licensed to sell alcoholic beverages by the individual drink for on-premises consumption and where food is prepared and sold for immediate consumption on the premises. All laws passed by the Legislature under the authority of the Article shall be consistent with this provision.
Id. (emphasis added).
¶ 5 According to this constitutional provision winemakers licensed in Oklahoma "may sell wine produced at the winery to consumers on the premises of the winery." Id. (emphasis added). Oklahoma winemakers may "sell and ship the wine they produce . . . directly to retail package stores and restaurants in this state." Id. (emphasis added).
¶ 6 Oklahoma statutes are consistent with this constitutional provision. Section 521(C) of Title 37 governs the authorization of winemaker licensees and provides:
 C. A winemaker license shall authorize the holder thereof: To manufacture (including such mixing, blending and cellar treatment as authorized by federal law), bottle, package, and store on licensed premises wine containing not more than twenty-four percent (24%) alcohol by volume, provided the bottle or package sizes authorized shall be limited to the capacities approved by the United States Bureau of Alcohol, Tobacco and Firearms; to sell wine in this state to licensed wholesalers and manufacturers, provided, an Oklahoma winemaker may sell and ship wine produced at a winery in this state directly to retail package stores and restaurants in this state; to sell bottles of wine produced at the winery from grapes and other fruits and berries grown in this state, if available, to consumers on the premises of the winery; to serve visitors on the licensed premises free samples of wine produced on the premises; to serve free samples of wine produced at the winery at festivals and trade shows; to sell wine produced at the winery, in original sealed containers, at festivals and trade shows; to sell wine out of this state to qualified persons; to purchase from licensed winemakers, distillers and rectifiers in this state, and to import into this state wine, brandy and fruit spirits for use in manufacturing in accordance with federal laws and regulations.
2005 Okla. Sess. Laws ch. 1, § 40(C) (amending 37 O.S. Supp. 2004, § 521[37-521](C)) (emphasis added).[3] Using substantially the same language as the constitutional provision, this statutory provision authorizes licensed winemakers to sell bottles of wine produced at the winery to "consumers on the premises of the winery." Id. Section 521(C) allows selling and shipping by an Oklahoma winemaker of "wine produced at a winery in this state directly to retail package stores and restaurants in this state."Id.
¶ 7 As Oklahoma law explicitly provides for the selling andshipping of wine to retail package stores and restaurants by Oklahoma winemakers, but only provides for the selling of wine produced at the winery to consumers on the premises of the winery, we conclude that winemakers licensed in Oklahoma may not legally ship wine which has been purchased by an individual to the individual's residence, either in- or out-of-state.
 The Shipping of Wine by an Oklahoma Individual To the Individual's Address for Personal Use
¶ 8 You next ask whether an individual may ship wine purchased from the premises of a winery licensed in Oklahoma to the individual's residence in Oklahoma. Under the situation you present, the individual would purchase wine from the winery and independently arrange for the shipment of the wine to the individual's residence.
¶ 9 Title 37 O.S. 2001, § 505[37-505](A) states, in pertinent part:
 No person shall manufacture, rectify, sell, possess, store, import into or export from this state, transport, or deliver any alcohol beverage except as specifically provided in the Oklahoma Alcohol Beverage Control Act. Provided, that nothing herein shall prevent the possession and transportation of alcohol beverages for the personal use of the possessor, his family and guests, so long as the Oklahoma excise tax has been paid thereon, except for beer.
Id. (emphasis added) (footnote omitted).
¶ 10 To interpret this statute we must look to the meaning of the word "transport." Transport is not defined in the statutes and therefore, the ordinary meaning of the term is used. See 25 O.S. 2001, § 1[25-1] ("Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that the words hereinafter explained are to be understood as thus explained."). Generally, transport means "to transfer or convey from one person or place to another." Webster's Third New International Dictionary 2430 (3d ed. 1993). Applying this definition, Section 505(A) allows an individual to ship wine purchased at an Oklahoma winery to the individual's residence for the personal use of the possessor and the possessor's family and guests.[4]
¶ 11 To answer your second question, we conclude that an individual may ship wine purchased on the premises of an Oklahoma winery to the individual's residence for personal use or the use of the possessor's family and guests.[5]
 ¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A winery licensed in Oklahoma may not legally ship wine that has been purchased by an individual to the individual's residence, either in-state or out-of-state. 2005 Okla. Sess. Laws ch. 1, § 40(C) (amending 37 O.S. Supp. 2004, § 521(C)).
 2. An individual who purchases wine at an Oklahoma winery may legally ship the wine to the individual's residence for the possessor's personal use or the personal use of the possessor's family and guests.
37 O.S. 2001, § 505(A).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] Pursuant to Section 518(A)(4) the cost for a winemaker license is $625.00. The cost for an Oklahoma winemaker license is $75.00. 2005 Okla. Sess. Laws ch. 381, § 4(A)(5) (amending 37 O.S. Supp. 2004, § 518[37-518](A)(5)).
[2] Title 37 O.S. 2001, § 506[37-506] was amended in the First Regular Session of the Fiftieth Legislature with an effective date of November 1, 2005, but the amendment is not relevant to your inquiry. See 2005 Okla. Sess. Laws ch. 173, § 1.
[3] Title 37 O.S. Supp. 2004, § 521[37-521] was amended twice more in the First Regular Session of the Fiftieth Legislature, with both amendments having an effective date of November 1, 2005; neither amendment is relevant to your inquiry. See 2005 Okla. Sess. Laws ch. 67, § 1; 2005 Okla. Sess. Laws ch. 173, § 2.
[4] What constitutes "personal use" is a fact question beyond the scope of this Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). We simply note that in Roby v. Day, 635 P.2d 611, 614 (Okla. 1981), the Oklahoma Supreme Court held that ownership of alcoholic beverages by members of a limited partnership did not constitute personal use by the partners as possessors under Section 505 of Title 37.
[5] The Act requires carriers who transport wine to obtain a carrier license issued by ABLE, which places certain restrictions on those carriers. 2005 Okla. Sess. Laws ch. 1, § 40(Q), (R) (amending 37 O.S. Supp. 2004, § 521[37-521](Q),(R)); 37 O.S. Supp. 2004, § 537[37-537](A); 37 O.S. 2001, §§ 557[37-557](A); 560(A), (B). The requirements of those carriers are beyond the scope of this Opinion. 74 O.S. 2001, § 18b[74-18b] (A)(5).