OSCN Found Document:THE ICON AT NORMAN APTS, LP v. DOUGLAS WARR, CLEVELAND COUNTY ASSESSOR

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 THE ICON AT NORMAN APTS, LP v. DOUGLAS WARR, CLEVELAND COUNTY ASSESSOR
2025 OK 42
Case Number: 122099
Decided: 06/17/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 42, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

THE ICON AT NORMAN APARTMENTS, LP, Complainant/Appellant,
v.
DOUGLAS WARR, CLEVELAND COUNTY ASSESSOR, Respondent/Appellee.

 

APPEAL FROM AN ORDER OF THE 
OKLAHOMA COURT OF TAX REVIEW

¶0 Taxpayer, a limited partnership and the owner of a parcel of real property with apartment buildings, appeals the decision of the Oklahoma Court of Tax Review determining that a transfer of partnership interests was legally the same as title to the property being transferred, changed or conveyed to another person and thereby lifting the five percent (5%) limitation on increasing the fair cash value of the property for ad valorem taxation pursuant to Okla. Const. art. 10, §8B.

MATTER PREVIOUSLY RETAINED ON COURT'S OWN 
MOTION; OKLAHOMA COURT OF TAX REVIEW ORDER VACATED

David T. Potts, Hall Estill Hardwick Gable Golden & Nelson, Tulsa, Oklahoma, for Complainant/Appellant.

Blake C. Parrott and Pat O'Hara, Tisdal & O'Hara, PLLC, Oklahoma City, Oklahoma, for Respondent/Appellee.

Elias, Books, Brown & Nelson, P.C., Two Leadership Square, Suite 1300, 211 N. Robinson, Oklahoma City, Oklahoma, for Amici Curiae In Support of The Icon at Norman Apartments, LP.

Leisa S. Weintraub, General Counsel, Tulsa County Assessor's Office, 218 W. 6th Street, 5th Floor, Tulsa, Oklahoma, for Amici Curiae Tulsa County John A. Wright In Support of Respondent.

Edmondson, J.

¶1 We are presented with an issue of first impression. For limited partnerships owning real property, should the transfer of partnership interests to new owners be treated as a matter of law as though title to the real property was "transferred, changed or conveyed to another person?" Okla. Const. art. 10, §8B. We answer this question in the negative. We hold that the sale and transfer of the Icon partnership interests were transfers of personal property only, a "chose in action," and that Assessor failed to establish that "title to the property was transferred, changed or conveyed to another person" as constitutionally required before the 5% cap on annual increased valuation of ad valorem taxability of the property can be lifted.

Factual and Procedural History

¶2 This dispute arises over Douglas Warr, Cleveland County Assessor's increase in value to the "fair cash value" of a parcel of real property used to determine Icon's ad valorem tax. The Icon at Norman Apartments is a limited partnership owning an apartment complex in Norman, Cleveland County, Oklahoma. This protest arises from the Assessor's 2023 change in the fair cash value of the subject property to $42,500,000.00 from the preceding year's fair cash value of $18,437,401.00. Icon protested this decision, to no avail, then appealed to the Cleveland County Board of Equalization. Denied there, Icon appealed the Board's decision to the Oklahoma Court of Tax Review.

¶3 Icon and Assessor both filed motions for summary judgment. The Oklahoma Court of Tax Review granted summary judgment in favor of Assessor and denied Icon's motion. Icon timely appealed to this Court.

¶4 Icon has owned the subject real property since 2012. It is undisputed that Icon remains the owner of this property. In June 2022, the general and limited partnership interests in Icon were transferred to new persons or entities. The title to this real property was not transferred, changed or conveyed to another person or entity at the time of the partnership interest transfers.

¶5 This appeal arises from the increase in fair cash value the Assessor assigned to this property following the transfer of these partnership interests. Icon protested that the increase from $18,437,401.00 in 2022 to $42,500,000.00 in 2023 was more than the constitutionally allowed five percent (5%) increase.

Standard of Review

¶6 Summary judgments settle only questions of law, and we review the grant of summary judgment de novo. Crown Energy Co. v. Mid-Continent Cas. Co., 2022 OK 60511 P.3d 1064de novo appellate review. Schiewe v. Cessna Aircraft Co., 2024 OK 19546 P.3d 234

Discussion

Article 10, § 8B Exception to the Limit on Percentage of Fair Cash Value of Real Property

¶7 By constitutional directive, the Assessor is not allowed to increase the "fair cash value" of non-homestead property by more than five percent (5%) a year unless there are improvements to the property or when the title is "transferred, changed, or conveyed to another person." Okla. Const. art. 10, §8B. The issue in this case centers on whether the title to the real property was "transferred, changed, or conveyed" when the general and limited partnership interests were transferred to new owners.

¶8 We begin with examining the Oklahoma Constitution creating this exception. This five percent (5%) limitation "shall not apply in any year when title to the property is transferred, changed or conveyed to another person." Okla. Const. Art. 10, § 8B (emphasis added).

¶9 The Legislature highlighted that this limitation applies "[e]xcept when title to the property is transferred, changed, or conveyed" 68 O.S.2021, § 2817.1

¶10 The Oklahoma Tax Commission promulgated the following rules implementing Section 8B of Article X of our Constitution relating to when

this limitation can be lifted:

(a) Application of limitation. Pursuant to Article X, Section 8B of the Oklahoma Constitution and 68 O.S. § 2817.1The limitation on valuation increases set forth in this subsection do not apply in any year when the title of the property is transferred, changed, or conveyed to another person, or if improvements are made to property unless subject to provisions of subsection (j) of this Section. [See: 68 O.S. § 2802.1

(g) Effect of conveyance of property. If title to the property is transferred or conveyed, the parcel of real property shall be assessed at fair cash value as set forth by Section 8 of Article X of the Oklahoma Constitution. This valuation is to be based upon current market value standards rather than simply placing the property at its sales price, and it is the responsibility of the county assessor to value the property at the fair cash value consistent with applicable statutes and ad valorem rules. Any sale occurring during the course of a given calendar year shall be valued at fair cash value as specified by statute for the following tax year. The county assessor shall continue to be responsible for making valuation changes to surrounding properties based on current sales information of comparable property within the constitutional limitations specified for non-sold properties.

Okla. Admin. Code § 710:10-1-3 (g) (emphasis added). The Constitution, statutes, and administrative rules are clear that "under no circumstances" will this five percent limitation be waived "[e]xcept when title to the property is transferred, changed, or conveyed to another person." 

¶11 The Assessor has urged that the following statutory section should be read in a way that ignores these directives. Assessor asserted that a transfer of all Icon partnership interests to unrelated new partners with control over Icon assets, "constituted transfers of equitable title to Icon's assets" which included the property at issue. In support of the argument that any "equitable interest" triggers the waiver of the five percent (5%) limitation, Assessor relied on the following at 68 O.S.2021, §2802.1

A. For purposes of implementing Section 8B of Article X of the Oklahoma Constitution:

********

4. "Transfers, change or conveyance of title" means all types of transfers, changes or conveyances of any interest, whether legal or equitable. However, "transfers, change or conveyance of title" shall not include the following:

a. deeds recorded prior to January 1, 1996,

b. deeds which secure a debt or other obligation,

c. deeds which, without additional consideration, confirm, correct, modify or supplement a deed previously recorded,

d. deeds between husband and wife, or parent and child, or any persons related within the second degree of consanguinity, without actual consideration therefor, or deeds between any person and an express revocable trust created by such person or such person's spouse,

e. deeds of release of property which is security for a debt or other obligation,

f. deeds of partition, unless, for consideration, some of the parties take shares greater in value than their undivided interests,

g. deeds made pursuant to mergers of partnerships, limited liability companies or corporations, or deeds pursuant to which property is transferred from a person to a partnership, limited liability company or corporation of which the transferor or the transferor's spouse, parent, child or other person related with the second degree of consanguinity to the transferor, or trust for primary benefit of such persons, are the only owners of the partnership, limited liability company or corporation,

h. deeds made by a subsidiary corporation to its parent corporation for no consideration other than the cancellation or surrender of the subsidiary stock, or

i. any deed executed pursuant to a foreclosure proceeding in which the grantee is the holder of a mortgage on the property being foreclosed, or any deed executed pursuant to a power of sale in which the grantee is the party exercising such power of sale or any deed executed in favor of the holder of the mortgage on the property in consideration for the release of the borrower from liability on the indebtedness secured by such mortgage except as to cash consideration paid.

Id. (emphasis added).

¶12 The question of what 68 O.S. §2802.1Keating v. Edmondson, 2001 OK 11037 P.3d 882Leo v. Oklahoma Water Res. Bd., 2023 OK 96536 P.3d 939

¶13 The Constitution, statutes and administrative rules use the phrase "when" or "if" "title is transferred, changed or conveyed." The object in the sentence is "title" and the triggering event is "transferred, changed or conveyed." The Legislature even directed that "under no circumstance" should this limitation be lifted "except when title to the property is transferred, changed, or conveyed to another person." 68 O.S. § 2802.1title to the real property has been affected in one of the three named ways. Assessor's argument also fails to harmonize the balance of this definition section, wherein the Legislature specifically enumerated that "transfers, change or conveyance of title" shall not include nine different specifically delineated types of deeds to real property.

¶14 We must read Section 2802.1 in harmony with Okla. Const. art.10, §8B, and construe it in a manner that it does not contradict itself or the constitutiontitle to the property is transferred, changed or conveyed to another person or when improvements have been made to the property." In order to harmonize Section 2802.1 (4) with this constitutional provision, it must be construed to mean that title to the property is affected. This phrase in Section 2802.1 must also be read in harmony with the entire language of subpart (4), wherein the Legislature envisioned that a deed transferring property would be involved. Assessor's argument ignores this.

¶15 We also examine the word "conveyance." Black's Law Dictionary defines "conveyance" to include its most common usage: "transfer of title to land from one person, or class of persons to another by deed;" and including "[g]enerally every instrument in writing by which an estate or interest in realty is created." 

¶16 Assessor has urged that some type of equitable interest or equitable title was created in the new Icon partners. Equitable title in real property has been recognized in some states as the present right to legal title to the real property. 

¶17 Assessor and Amicus Curiae have also argued that our prior decision, In re Assessments for Year 2005 of Certain Real Prop. Owned by Askins Properties, 2007 OK 25161 P.3d 303Askins, because it appeared "title to the property was transferred, changed or conveyed to another person." A trust consisting of a husband and wife as sole beneficiaries and sole trustees, executed a deed transferring title to the property to a limited liability company, in which this married couple were the sole owners. The Assessor argued there had been a transfer sufficient to lift the five percent (5%) limitation on the annual increase in fair cash value for the purpose of ad valorem taxation. The Askins court held that although legal title was transferred to a new limited liability company, the equitable title or ownership was in the same married couple both before and after the transfer.

¶18 Askins is not determinative of the issue before us. The real property at issue in this matter is owned by Icon, a limited partnership. The legal title continues to be held by Icon. There has been no evidence presented to support a finding that the equitable title to this property is held by any person other than Icon.

¶19 In Oklahoma, a limited partnership is considered an entity separate and distinct from its partners. 

Conclusion

¶20 We hold that Assessor failed to establish that title to the subject property was transferred, changed, or conveyed by Icon to another person as mandated by Okla. Const. art.10, §8B. We further hold that the Oklahoma Court of Tax Review erred in granting Assessor's Motion for Summary Judgment and denying Icon's Motion for Summary Judgment. We vacate the Oklahoma Court of Tax Review Order.

OKLAHOMA COURT OF TAX REVIEW ORDER VACATED 
AND REMANDED

Rowe, C.J., Kuehn, V.C.J., Winchester, Edmondson, Combs, Gurich, Darby, and Jett, JJ., Concur.

Kane, J., Recused.

FOOTNOTES

68 O.S.§ 2880.168 O.S. § 3029

68 O.S. § 2817.1

For purposes of implementing Section 8A of Article X of the Oklahoma Constitution, improvements made to locally assessed real property shall be assessed in accordance with law by the county assessor based on the fair cash value of the improvement. The assessed value of the improvement shall then be added to the existing assessed value of the property, except as otherwise provided in the Oklahoma Housing Reinvestment Program Act. The existing property shall continue to be subject to the five-percent limitation on the increase in valuation as set forth in Section 8B of Article X of the Oklahoma Constitution. Except when title to the property is transferred, changed, or conveyed to another person as defined in Section 2802.1 of this title, and in accordance with Legislative intent as set forth in subsection A of this section, under no circumstances shall the taxable fair market cash value of the existing property increase by more than five percent (5%) in any taxable year. (emphasis added).

68 O.S.§ 2802.1

"Any person" means any person or entity, whether real or artificial, other than the present owner.

Supra. n.2, 68 O.S. § 2817.1

Supra. n.2.

68 O.S. §2802.1

Childers v. Arrowood, 2023 OK 74541 P.3d 825Young v. Station 27, Inc., 2017 OK 68404 P.3d 829

th ed., West Pub. Co., 1990).

Ferrif v. City of Hot Springs, Ark., 82 F.3d 229, (8th Cir., 1996).

McGinnity v. Kirk, 2015 OK 73362 P.3d 186Bowls v. Oklahoma City, , ,

(A buyer of realty in possession under a contract of sale, may be treated as the real owner for taxation, whether or not he holds legal title); Cox v. Fowler, 1934 OK 57537 P.2d 291Hensley v. State Farm Fire and Cas.Co., 2017 OK 57398 P.3d 11

State Life Ins. Co. v. State ex rel., Kehn, 1942 OK 385135 P.2d 965

54 O.S.2021, § 500-104A

54 O.S.2021, §500-701A

Roby v. Day, 1981 OK 122635 P.2d 611

Id.

Id.; See also Perkins v. Okla. Tax Comm'n, 1967 OK 110428 P.2d 328

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105